**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | **NO. 02-3230** |
| **V.** | : | **CIVIL ACTION** |
| **DELAWARE COUNTY ET AL** | : | **JURY TRIAL REQUESTED** |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES**

       Defendants, by and through their attorneys, hereby answer the Plaintiff's complaint and assert the following Affirmative Defenses:

1.     No responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

## JURISDICTION

2.     Admitted upon information and belief.

3.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

4.     Admitted upon information and belief.

## VENUE

5.     Admitted upon information and belief.

## PARTIES

6.     Admitted upon information and belief

7.     Admitted in part and Denied in part. Paragraph 7 is admitted in all parts except for the legal conclusion that Wackenhut Corrections Corporation (hereinafter "WCC") was a private entity operating a public accommodation.

8.     Admitted in part and Denied in part. Admitted as to the Delaware County Board of Prison Inspectors but Denied as to the County of Delaware.

9.      Admitted.

10.     Denied. WCC and not The Wackenhut Corporation had contracted with The
        Delaware County Board of Prison Inspectors to conduct business at the Delaware
        County Prison.

11.     Denied. See Answer to paragraph 10.

12.     Denied. See Answer to paragraph 10.

13.     Admitted in part and Denied in part. Admitted in all respects except for the legal
        conclusion that it was a public entity under the specified statute and/or the applicability
        thereof.

14.     Denied. See answer to paragraph 10.

15.     Admitted.

16.     Denied. See answer to paragraph 10.

17.     Denied. The averment contained in paragraph17 is a conclusion of law to which no
        responsive pleading is deemed necessary pursuant to the Federal Rules of Civil
        Procedure.

18.     Admitted in Part and Denied in part. This averment is admitted as to WCC. It is denied
        as to the other defendants at the Delaware County Prison site.

19.     Admitted in part and Denied in part. Admitted in all respects except that Sexton
        exercised control and supervision over policies, rules and regulations which is
        specifically and expressly denied.

20.     Admitted in part and Denied in part. Admitted in all respects except that Hill exercised
        control and supervision over policies, rules and regulations which is specifically and
        expressly denied. WCC controlled and supervised these functions. Hill merely
        monitored them for compliance with the contract between WCC and the Board of
        Prison Inspectors.

21.     Admitted in part and Denied in part. Admitted in all respects except medical policies
        and procedures which came under the purview of WCC and the Health Services
        department.

22.     Admitted in part and Denied in part. Admitted in all respects except Perretta did not
        work for The Wackenhut Corporation.

23.     Admitted in part and Denied in part. Admitted in all respects except Carrillo did not work for The Wackenhut Corporation. Additionally, she is not at the prison any longer so her address is not correct.

24.     Admitted in part and Denied in part. Admitted in all respects except Friedrick did not work for The Wackenhut Corporation. Additionally, he is not at the prison any longer so his address is not correct.

25.     Admitted in part and Denied in part. Admitted in all respects except Hull is not at the prison any longer so his address is not correct.

26.     Admitted in part and Denied in part. Admitted in all respects except Byrd did not work for The Wackenhut Corporation.

27.     Admitted in part and Denied in part. Admitted in all respects except Snell did not work for The Wackenhut Corporation.

## FACTUAL BACKGROUND

28.     Admitted upon information and belief.

29.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

30.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

31.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

32.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

33.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

34.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

35.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

36.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

37.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

38.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

39.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

40.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

41.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

42.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

43.    Denied as to all Defendants except Perretta, Carrillo, Friedrick, Hull, Byrd and Snell. If these defendants had contact with Jackson then they knew he had serious medical needs.

44.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

45.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

46.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

47.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

## FIRST COUNT

48.    Defendants incorporate their Answers to Plaintiff's previous paragraphs as if the same were set forth more fully herein.

49.     Denied. It is specifically and expressly denied that the policies or procedures of any Defendant or a failure to train guards and/or medical staff caused the harm to the Plaintiff or violated his civil and/or constitutional rights.

50.     Denied. The Defendants are without sufficient knowledge or information concerning Plaintiff's injuries to admit or deny this averment, therefor it is denied. It is specifically and expressly denied that any Defendants were negligent, grossly negligent, willful, reckless or deliberately indifferent towards the Plaintiff.

51.     (a-j) Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure. None-the-less they are denied in toto.

52.     Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

53.     Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

54.     Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

55.     Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

56.     Admitted upon information and belief.

        WHEREFORE, Defendants respectfully request Judgement in their favor and Dismissal of the Plaintiff's Complaint with Prejudice.

## SECOND COUNT

57.     Defendants incorporate their Answers to Plaintiff's previous paragraphs as if the same were set forth more fully herein.

58.     Admitted.

59.     Admitted.

60.    Admitted.

WHEREFORE, Defendants respectfully request Judgement in their favor and Dismissal of the Plaintiff's Complaint with Prejudice.

## THIRD COUNT

61.    Defendants incorporate their Answers to Plaintiff's previous paragraphs as if the same were set forth more fully herein.

62.    Admitted.

63.    Admitted upon information and belief.

64.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

65.    (a-j) Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure. None-the-less they are denied in toto.

66.    Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request Judgement in their favor and Dismissal of the Plaintiff's Complaint with Prejudice.

## FOURTH COUNT

67.    Defendants incorporate their Answers to Plaintiff's previous paragraphs as if the same were set forth more fully herein.

68.    Denied. These averments are denied as conclusions of law to which no responsive pleading is deemed necessary by the answering Defendants pursuant to the Federal Rules of Civil Procedure.

69.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

70.    Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

71.     Defendants do not have sufficient information to admit or deny this averment therefore it is deemed denied pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request Judgement in their favor and Dismissal of the Plaintiff's Complaint with Prejudice.

## FIFTH COUNT

72.     Defendants incorporate their Answers to Plaintiff's previous paragraphs as if the same were set forth more fully herein.

73.     Denied. It is specifically and expressly denied that any Defendants acted intentionally, extremely, outrageously or unjustifiably to cause Plaintiff great physical and/or mental suffering or distress.

WHEREFORE, Defendants respectfully request Judgement in their favor and Dismissal of the Plaintiff's Complaint with Prejudice.

## FIRST AFFIRMATIVE DEFENSE

Defendant, The Wackenhut Corporation, did not provide any services to the George W. Hill Correctional Facility and was not a signatory to the contract between the Delaware County Board of Prison Inspectors and WCC and accordingly had no personal involvement with any of the Plaintiff's claims.

## SECOND AFFIRMATIVE DEFENSE

All Defendants are entitled to the protections and defenses contained within the Prison Litigation Reform Act. Similarly, Plaintiff must meet all prerequisites to filing suit.

## THIRD AFFIRMATIVE DEFENSE

The County of Delaware, the Delaware County Board of Prison Inspectors, Charles P. Sexton, Jr. and George W. Hill are entitled to the protections and defenses of the Political Subdivision Tort Claims Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not established a claim under the State-created danger theory espoused by the Third Circuit in Kneipp and its progeny.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not demonstrated deliberate indifference to his rights, civil or constitutional, and therefore has not stated a sufficient claim under section 1983. He has alleged merely conclusory allegations in this regard which can not sustain his claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has alleged merely a negligence claim which can not support section 1983 liability. Additionally this Honorable Court should not exercise supplemental jurisdiction in this matter to hear this state tort case.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's second count does not state any cognizable cause of action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's fifth count does not sufficiently state a cause of action for intentional infliction of emotional distress nor can it do so under these facts.

## NINTH AFFIRMATIVE DEFENSE

None of the Defendants, with the possible exception of Carrillo, Friedrick, Hull , Byrd and Snell, had any responsibility to the Plaintiff with regard to his particular medical treatment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff may not have filed his causes of action within the appropriate time provided in the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not wilfully or intentionally commit any wrongful acts causing injury or damage to the Plaintiff and, in the absence of such willful misconduct, there can be no liability on the part of Defendants to the Plaintiff in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the doctrine of respondeat superior is inapplicable to a Civil Action brought pursuant to 42 U.S.C. Section 1983.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any and all claims of the Plaintiff are barred by the doctrines of consent and/or privilege.

Respectfully submitted,

**DIORIO & SERENI, LLP**

Dated: October 16, 2002                    By: _____

**ROBERT M. DIORIO**
Attorney I.D. No.:  17838
**CHRISTOPHER R. MATTOX**
Attorney I.D. No.:  65874
Attorneys for Defendants