IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III, | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DELAWARE COUNTY et al., | : | |
| | : | |
| Defendants | : | NO. 02-3230 |

**Baylson, J.**                                                                                                                 **November 21, 2002**

**MEMORANDUM**

Presently before this Court is Defendants' Motion to Set Aside Entry of Default and Plaintiff's Motion for Entry of Default Judgment. Plaintiff asserts claims against Defendants for violations of 42 U.S.C. § 1983, negligence, state-created danger, and intentional infliction of emotional distress arising out of Plaintiff's alleged deprivation of medication during his incarceration at the Delaware County Prison (now known as the George W. Hill Correctional Facility).

I.     Background

On May 26, 2002, Plaintiff filed a Complaint against the following thirteen Defendants: Delaware County; Wackenhut Corrections Corporation; Wackenhut Corporation; Delaware County Board of Prison Inspectors; Charles Sexton, Chairman of Delaware County Board of Prison Inspectors; George Hill, Superintendent of Delaware County Prison (George W. Hill Correctional Facility); James Janecka, Warden of Delaware County Prison; Deborah Perretta, Health Services Administrator of Delaware County Prison; Dr. Margaret Carrillo, Delaware

County Prison; Dr. Friedrick, Delaware County Prison; Dr. Holland Hull, Delaware County Prison; Merian Byrd, Nurse, Delaware County Prison; and Carol Snell, Nurse, Delaware County Prison.  Summonses were issued to all thirteen Defendants and executed on September 17, 2002.  Defendants did not file any responsive pleadings, and on October 10, 2002, Plaintiff requested that the Clerk of the Court enter a default and filed a Motion for Default Judgment.  Default was entered on the same day in accordance with Fed. R. Civ. P. 55(a).[1]

On October 17, 2002, defense counsel entered his appearance on behalf of all Defendants except Defendants Carrillo, Friedrick, and Hull.  However, on that same date, defense counsel also filed a Motion to Set Aside Entry of Default and an Answer to the Complaint with affirmative defenses on behalf of all Defendants.[2]  Defense counsel asserts that he was awaiting service of all Defendants before filing a responsive pleading and that he was not authorized to accept service on behalf of Defendants Carrillo, Friedrick, and Hull, who were not working at the prison on the day the other Defendants were served.  (Def.'s Mot. to Set Aside Default ¶¶ 10-12).

II.     Legal Standard and Jurisdiction

The criteria for determining whether to set aside a default judgment or an entry of default

---

[1] Fed. R. Civ. P. 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[2] Both defense counsel's Motion and Answer are entitled as filed on behalf of all Defendants and signed by counsel as "Attorney for Defendants" with no limitation to any specific Defendants.  Under Local R. Civ. P. 5.1(a), "[t]he filing of a pleading, motion or stipulation shall be deemed an entry of appearance."  Therefore, by filing this Motion and Answer, defense counsel entered his appearance for all Defendants, including Defendants Carrillo, Friedrick, and Hull.

are the same, but are applied more liberally to a default. See Duncan v. Speach, 162 F.R.D. 43, 44 (E.D. Pa. 1995). Generally, courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The Court may set aside the entry of default for "good cause shown." Fed. R. Civ. P. 55(c). In determining whether there is good cause to strike an entry of default, the Court considers whether the plaintiff will be prejudiced, whether the default was the result of the defendant's culpable conduct, whether the defendant has a meritorious defense, and the effectiveness of an alternative sanction. Emcasco Insurance Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984); Dizzley v. Friends Rehabilitation Program, Inc., 202 F.R.D. 146, 147 (E.D. Pa. 2000).

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is appropriate under 28 U.S.C. § 1391(b).

III.    Analysis

　　A.    Prejudice to Plaintiff

A plaintiff is prejudiced where the loss of relevant evidence or some other occurrence impairs the plaintiff's ability to pursue the claim. See Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656-57 (3d Cir. 1982). Delay in obtaining satisfaction on a claim rarely establishes the degree of prejudice sufficient to preclude setting aside the default, which invariably has been entered at an early stage of the proceedings. Id. at 656-57. The fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice. Choice Hotels Int'l, Inc. v. Pennave Associates, Inc., 192 F.R.D. 171, 174 (E.D. Pa. 2000).

Plaintiff here claims that "[w]hile moving Defendants deliberately delayed this action,

Plaintiff's recovery and remedy are in jeopardy." (Pl.'s Mem. Opposing Def.'s Mot. to Set Aside Entry of Default 13). However, Plaintiff has failed to show that any prejudice would result were the Court to set aside the entry of default.

    B.    <u>Defendant's Culpable Conduct</u>

"Culpable conduct" refers to actions taken willfully or in bad faith. <u>Gross v. Stereo Component Systems, Inc.</u>, 700 F.2d 120, 123-24 (3d Cir. 1983); <u>Choice Hotels</u>, 192 F.R.D. at 174. Although intentional or reckless disregard of communications from the plaintiff or the Court may satisfy the culpable conduct standard, "more than mere negligence must be demonstrated." <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1183 (3d Cir. 1984). See also <u>Cassell v. Philadelphia Maintenance Co.</u>, 198 F.R.D. 67, 69 (E.D. Pa. 2000); <u>Foy v. Dicks</u>, 146 F.R.D. 113, 117 (E.D. Pa. 1993). The Court considers the extent to which the error is attributable to the defendant and the extent to which it is attributable to defense counsel. See <u>Momah v. Albert Einstein Medical Center</u>, 161 F.R.D. 304, 308 (E.D. Pa. 1995); <u>Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955</u>, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985). The party seeking to set aside the entry of default must act with reasonable promptness. <u>Rockwell Transportation Services, Inc. v. International Printing and Envelope Co., Inc.</u>, C.A. No. 02-724, 2002 WL 1018928, at *1 (E.D. Pa. May 20, 2002) (quoting <u>Consolidated Masonry and Fireproofing, Inc. v. Wagman Construction Corp.</u>, 383 F.2d 249, 251 (4th Cir. 1969) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.")).

In this case, defense counsel is responsible for the entry of default. Defense counsel asserts that he was awaiting service of all Defendants before filing a responsive pleading and that

he was not authorized to accept service on behalf of Defendants Carrillo, Friedrick, and Hull, who were not working at the prison on the day the other Defendants were served. (Def.'s Mot. to Set Aside Default ¶¶ 10-12). Although defense counsel did not file a responsive pleading or request an extension of time, there is no showing that this failure was willful or in bad faith, and defense counsel took swift action to correct this mistake by filing an Answer and Motion to Set Aside Entry of Default just seven days after default was entered. Neither Defendants nor defense counsel acted with "culpable conduct."

      C.     Defendants' Meritorious Defenses

A "meritorious defense" is a defense, which "if established at trial, would completely bar plaintiffs' recovery." Momah, 161 F.R.D. at 307. A defendant however, must present specific facts to show that such a defense can be made. $55,518.05 in U.S. Currency, 728 F.2d at 195 (defendant must set forth "specific facts beyond simple denials or conclusory statements"); Momah, 161 F.R.D. at 307 (defendant must "raise specific facts beyond a general denial" to show it "can make out a complete defense"). The defaulting party is not required "to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face." Emcasco Insurance, 834 F.2d 71, 74 (3d Cir. 1987); Dizzley, 202 F.R.D. at 148.

In their Answer, Defendants respond to and deny all five counts of Plaintiff's Complaint and additionally assert thirteen affirmative defenses. These affirmative defenses include protections and defenses under the Prison Litigation Reform Act and the Political Subdivision Tort Claims Act. (Def.'s Answer to Pl.'s Compl.). Defendants also assert that Plaintiff may not have filed his Complaint within the applicable statute of limitations, that negligence does not

support liability under 42 U.S.C. § 1983, and that the doctrine of respondeat superior is inapplicable to § 1983 claims. Id.

These averments are sufficient to demonstrate a meritorious defense for purposes of setting aside the entry of default. Defendants, however, will not be relieved of any averments made in bad faith and are still subject to the requirements of Fed. R. Civ. P. 11(b).

D.     Alternative Sanction

Finally, this Court is required to examine the effectiveness of an alternative sanction. This factor has been used in the past to impose a monetary sanction on defendants to compensate the plaintiff for the time and effort involved in opposing the Rule 55(c) motion and to serve as a "wake-up call," after the defendants had failed to respond in a timely fashion on five separate occasions. Foy, 146 F.R.D. at 117. However, in this case, Defendants filed their Answer and Rule 55(c) Motion just seven days after default was entered, and this Court did not conclude that the error was the result of counsel's bad faith. Therefore, this Court declines to impose punitive sanctions.

IV.    Conclusion

For the reasons discussed above, Defendants' Motion to Set Aside Entry of Default will be granted, and Plaintiff's Motion for Entry of Default Judgment will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| DELAWARE COUNTY et al., | : | |
| Defendants | : | NO. 02-3230 |

## **ORDER**

AND NOW, this 21st day of November, 2002, upon consideration of Defendants' Motion to Set Aside Entry of Default (Doc. No. 9), and Plaintiff's Motion for Entry of Default Judgment (Doc. Nos. 5, 6), it is hereby

ORDERED that Defendants' Motion is GRANTED, and Plaintiff's Motion is DENIED.

The Clerk of the Court shall strike the entry of default.

The Answer filed on October 17, 2002 shall be deemed the Answer of all Defendants to the Complaint.

**BY THE COURT:**

_____
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL\02-3230 Jackson v. Delaware County\02-3230 memorandumorder.wpd