IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT | : | |
| CORRECTIONS CORPORATION C/O | : | |
| PRENTICE HALL CORP.; WACKENHUT | : | |
| CORPORATION; DELAWARE COUNTY | : | |
| BOARD OF PRISON INSPECTORS; | : | |
| CHARLES SEXTON, CHAIRMAN OF | : | |
| DELAWARE COUNTY BOARD OF | : | |
| PRISON INSPECTORS; GEORGE HILL, | : | |
| SUPERINTENDENT OF DELAWARE | : | |
| COUNTY PRISON (GEORGE W. HILL | : | NO. 02-3230 |
| CORRECTIONAL FACILITY); JAMES | : | |
| JANECKA, WARDEN OF DELAWARE | : | |
| COUNTY PRISON; DEBORAH | : | |
| PERRETTA, HEALTH SERVICES | : | |
| ADMINISTRATOR OF DELAWARE | : | |
| COUNTY PRISON; MARGARET | : | |
| CARRILLO, M.D., DELAWARE | : | |
| COUNTY PRISON; DR. FREDERICK, | : | |
| DELAWARE COUNTY PRISON; DR. | : | |
| HOLLAND HULL, DELAWARE | : | |
| COUNTY PRISON; MERIAN BYRD, | : | |
| NURSE, DELAWARE COUNTY | : | |
| PRISON; CAROL SNELL, NURSE, | : | |
| DELAWARE COUNTY PRISON | : | |

**DEFENDANT WACKENHUT CORRECTIONS CORPORATION, ET.AL
RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL
RESPONSES TO DISCOVERY**

In an apparent attempt to sway this Court, through misleading statements, Plaintiff has

incorrectly characterized their Motion as an Emergency Motion.

329891-1

The great majority of items currently complained of by Plaintiff in their Emergency Motion are not even due to be responded to pursuant to the Federal Rules of Civil Procedure as the thirty (30) day period allowed for responding has not yet expired.

Apparently, what makes this an Emergency Motion is that Plaintiff has just now elected to perform discovery that they have been permitted to do for the last nine months.

It is only within the last couple of weeks, as the June 30, 2003 discovery deadline was quickly approaching, that Plaintiff sent out a plethora of discovery requests, most of which are objectionable. Plaintiff is attempting to force the Defendants to respond to these discovery requests in less than thirty (30) days by the filing of an Emergency Motion.

Defendants, Wackenhut Corrections Corporation, Inc., et.al, ; Wackenhut Corrections Corporation c/o Prentice Hall Corp.; Wackenhut Corporation; Charles Sexton, Chairman of Delaware County Board of Prison Inspectors; James Janecka, Warden of Delaware County Prison; Deborah Perretta, Health Services Administrator of Delaware County Prison; Margaret Carrillo, M.D., Delaware County Prison; Dr. Frederick, Delaware County Prison; Dr.Holland Hull, Delaware County Prison; Merian Byrd, Nnurse, Delaware County Prison; Carol Snell, Nurse, by and through their attorney, David F. White, Esquire, hereby file this Response to Plaintiff's Emergency Motion to Compel Responses to Discovery, and in support thereof aver as follows.

1.  Denied. It is specifically denied Plaintiff suffered permanent brain damage or any other resulting injuries on May 28th as a result of Defendant's deliberate indifference to Plaintiff's medical needs while incarcerated at the Delaware County Prison.

2.  Admitted.

329891-1

3. Denied as Plaintiff's Complaint speaks for itself.

4. Admitted. As is evident in Plaintiff's Exhibit "A", a copy of Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendants, Plaintiff greatly exceeded the number of interrogatories permissible under F. R.C.P. 33 (a). (See Plaintiff's Exhibit "A" attached to Plaintiff's Emergency Motion). Nevertheless, these excessive discovery requests were responded to by Defendants.

5. Admitted only insofar as Defendants did respond to the discovery requests in question and that several categories of documents and information were not produced, as numerous responses were in the form of objections or were responded to by averring that such documents do not exist. (See Defendant's Exhibit "A" – Defendants Responses to Plaintiffs First set of Interrogatories and Request for Production of Documents)

6. Admitted, only insofar as Plaintiff's counsel did write to Defendant's counsel on May 23, 2003. However, valid responses were forwarded to Plaintiff within one month of the receipt of Plaintiff's original requests on February 26, 2003. (See Defendant's Exhibit "A"). No motions were filed by Plaintiff regarding these responses until the instant Emergency motion. The only "emergency" is that now Plaintiff is faced with a June 30th discovery deadline due to Plaintiff's inaction following the responses forwarded by Defendants on February 26, 2003.

7. Admitted, only so far as Plaintiff's counsel reiterated Plaintiff's request for deposition testimony from a Corporate Representative of Defendant Wackenhut concerning complaints by past or present inmates about medical treatment. However, category #8 of the Notice of Deposition concerns documents and records; not the production of a corporate representative. By way of further answer, Deborah Perretta was produced as a corporate representative by Defendants, and Ms. Perretta testified regarding this issue. (See Defendant's Exhibit " B" –

329891-1

transcript of deposition of Deborah Perretta pp. 9, 74-75). Whether or not adequately relevant and probative questions regarding this issue were asked of Ms. Perretta by Plaintiff's attorney at time of deposition is another issue entirely.

8.    Objection. (a). All documents reflecting or concerning the dispensing and administering of medications to Arthur Jackson from February, 2000 through May 2000 have been produced. As to similar records regarding Mr. Jackson's incarceration in 1998, the only documents that exist are the inmate's "medication administration records". As to medical administration records regarding all inmates from 1/20/98 through 5/28/00, responding Defendant objects as this request is overly burdensome, overbroad, designed to harass, may create serious privacy issues, and are not discoverable absent a Court Order pursuant to Pub.L. 105-277 and 101(b) [Title I §127] October 21, 1998, 112 Stat. 2681-74.

 (b)  No documents recording the specific diet provided to Plaintiff while incarcerated at Delaware County Prison in 2000 exist, as no such record was made. By way of further answer, a menu featuring meals available to prisoners between February, 2000 to May, 2000 has been recently forwarded to Plaintiff.

(c )  Plaintiff's complete medical file has been produced.

9.    Objection. This request is unintelligible as stated and responding Defendant is unable to respond. By way of further answer, and not waiving stated objection, Deborah Perretta did not testify that the documents set forth in paragraph #8 were not produced.

10.    (a)    Following a diligent search, no billing records identifying individuals who treated Plaintiff have been found. When, and if, such records are located, responding Defendant reserves the right to award and/or supplement their response.

329891-1

(b)     Plaintiff was informed that as a "weekend only" inmate he was to bring his own medication.  No records regarding the availability of Trazadone, Effexor, Klonopin and Insulin during Plaintiff's incarceration exist.

(c)     See response to No. 8 (b).

(d)     Records regarding any monthly medical audits conducted during Plaintiff's incarceration in 2002 do not exist.   As this Motion by Plaintiff is the first and only written request for such records, responding Defendant assumes that all procedural time limitations apply pursuant to the Federal Rules of Civil Procedure.

(e)     No such logs exist.

(f)     All discoverable records concerning the incident on May 28, 2000 have been provided.

11.    Pursuant to Pub. L. 105-277, § 101 (b)  [Title I § 127] Oct. 21, 1998, 112 Stat. 2681-74, the home address and telephone numbers of any employee or former employee of a correctional facility in any action under 42 U.S.C. 1983 shall not be subject to disclosure without the written consent of that person or pursuant to a Court Order.

12.    As Plaintiff is cognizant of the fact that several of the individuals named in this letter continue to work for Defendants and Plaintiff knows the identities of the attorneys representing the Defendants, contacting those attorneys regarding availability and production of those individuals would be the proper course of action.  However, Plaintiff apparently decided that forwarding notices for depositions of certain individuals with unilaterally selected dates without adequate notice was a better course of action.  A letter has been forwarded to Plaintiff explaining that the individuals noticed on dates unilaterally selected by Plaintiff, without adequate notice to counsel or witnesses, would not be produced on the selected dates and suggesting that Plaintiff's

329891-1

attorney contact Defendant's attorneys in this regard (See Defendants Exhibit "C" – letter to Plaintiff's attorney dated June 18, 2003).  Any of these individuals, whose names were long known to Plaintiff's attorney, could have been noticed for deposition long ago, and the "emergent" nature of Plaintiff's motion is solely due to inaction on Plaintiff's part.

13.     In regard to Plaintiff's request for inspection and entry of premises to obtain photographs or videotape of the areas where Plaintiff was incarcerated, received his meals and medical treatment, Plaintiffs attorney was advised by letter of June 2, 2003 that no such inspection would be allowed absent a Court Order, as the facility is a prison and security issues are of great concern and precedence.  Plaintiff claims to have suffered his accident outside the prison proper, not within the areas Plaintiff wishes to inspect.  Description of those areas were given during deposition testimony and responding Defendant fails to see why any photographing or videotaping of a restricted and secure area would be probative, relevant or necessary.  By way of further response, movants counsel has attempted to mislead this Court.  Movant's letter of June 2, 2003 stated that the inspection had to take place on a weekend between June 2nd and June 27th.  Responsible counsel informed Plaintiff's attorney that prior commitments made it impossible to accommodate his requests on these summer weekends.

14.     Denied.  Not only did Defendants' counsel respond to Plaintiffs' late request to resolve discovery issues, but in Item No. 18 of Plaintiff's emergency Motion he alludes to and attaches one of these communications as Exhibit "D"

15.     Denied.  Responding Defendant only became aware of a "draft" emergency motion when advised by co-Defendant Delaware County.

16.     Responding Defendant is without knowledge regarding this averment, and as such, can neither admit or deny as to the truth of these averments.

17.     Responding Defendant is without knowledge regarding this averment, and as such, can neither admit or deny as to the truth of these averments.

18.     Admitted.

19.     Denied.  There would not be a perceived "emergent" situation if Plaintiff had diligently litigated in this matter.  No indication of Plaintiffs dissatisfaction with Defendants responses to discovery (said responses dated February 26, 2003) was properly expressed, via Motion to Compel or otherwise, or was made known to Defendants until the instant "emergency" motion.  Depositions of Defendant employees or former employees could have been noticed over the nine months available for discovery, but instead Plaintiff forwards a list of thirty-four individuals he is contemplating deposing during the month before discovery ends, and then sends Notices of Deposition for several individuals without reasonable notice or agreed upon dates.  It is only as the discovery deadline draws near that Plaintiff has decided to "diligently litigate" this matter, and, as such, has created a situation he deems an "emergency".  It is not.

20.     Denied.  Many of Plaintiffs request are unreasonable, overly broad, burdensome, and designed to harass Defendants.  In light of the many months of inaction and the now "emergent" situation perceived by Plaintiff, Defendants are faced with forsaking all other work to attempt to respond to Plaintiffs burdensome and untimely requests.  In addition to the "Emergency Motion, within the last three weeks responding Defendants have been in receipt of the following: Requests for Admissions, Contention Interrogatories, Supplemental Interrogatories, Supplemental Requests for Production of Documents and Expert Interrogatories.  Many of the requests are simply instant reiterations of Plaintiff's previous, and more numerous than allowed, requests which were validly responded to by Defendants.  Other requests, such as photographing

and videotaping within the confines of the prison, are simply impermissible, irrelevant and non-probative.

21. Denied. Responding Defendant knows of no instance where any Defendant advised the Court in any such way.

22. Counsel for Responding Defendant has turned over the majority of documentation that knows exists, and a diligent search is underway for documents, that may or may not exist, that were only initially requested in the instant emergency Motion.

23. Denied. It is specifically denied that there has been any "silence" on the part of Defendants regarding Plaintiff's discovery requests. On the contrary, all requests to date have been responded to. Plaintiff's ability to conduct discovery has only been undermined by Plaintiffs own inaction during the ample time allotted for discovery.

24. Denied. Any preparation for this litigation by Plaintiff could have easily been accomplished through timely procedures. Any perceived prejudice was of Plaintiffs own making through inaction and failure to conform to procedural requirements.

WHEREFORE, Responding Defendants respectfully request that this Honorable Court deny Plaintiff's Emergency Motion to Compel.

                              Respectively submitted,

                              **KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

                              DAVID F. WHITE, ESQUIRE
                              DENNIS P. HERBERT, ESQUIRE
                              Attorneys for Defendants,
                              Wackenhut Corporation

Dated: _____

329891-1

329891-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : | NO. 02-3230 |

**CERTIFICATE OF SERVICE**

I, Dennis P. Herbert, do hereby certify that a true and correct copy of the Answer to Motion for Order Compelling Disclosure or Discovery has been served by U.S. Mail, First Class,

329891-1

postage prepaid, to the following at the addresses and on the date listed below:

      John Rollins, Esquire
      HOWARD ROLLINS & JONES
      1319 South Broad Street
      Philadelphia, PA  19147

      Kathleen E. Mahoney, Esquire
      Robert M. DiOrio, Esquire
      Front and Plum Streets
      P.O. Box 1789
      Media, PA  19063


                _____
                Dennis P. Herbert


_____
Date

329891-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

## **ORDER**

AND NOW, this _____ day of _____

_____, 2003, upon consideration of Plaintiff's Emergency Motion to Compel Resonses to

Discovery, and Defendant Wackenhut Corrections Corp., et.al c/o Prentice Hall Corp., et.al

responses thereto,

IT IS HEREBY ORDERED AND DECREED that said Motion is DENIED.

                                                            _____
                                                                                        J.

329891-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| WACKENHUTCORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; JAMESJANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : | NO. 02-3230 |

**DEFENDANT WACKENHUT CORRECTIONS CORPORATION, INC., ET.AL BRIEF IN SUPPORT OF THEIR RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants, Wackenhut Corrections Corporation, Inc., et.al, ; Wackenhut Corrections Corporation c/o Prentice Hall Corp.; Wackenhut Corporation; James Janecka, Warden of Delaware County Prison; Deborah Perretta, Health Services Administrator of Delaware County Prison; Margaret Carrillo, M.D., Delaware County Prison; Dr. Frederick, Delaware County Prison; Dr.Holland Hull, Delaware County Prison; Merian Byrd, Nurse, Delaware County

329891-1

Prison; Carol Snell, Nurse, hereby submit this brief in support of their Answer to Plaintniff's Emergency Motion to Compel Discovery Responses.

Plaintiff filed his complaint against all Defendants on September 17, 2002. As such, Plaintiff has had nine months during which to conduct discovery. Plaintiff forwarded what were termed "Plaintiff's First Set of Interrogatories and Request for Production of Documents" on January 23, 2003. These Discovery Requests were well in excess of the twenty five interrogatories, inclusive of all discrete subparts, that are allowed pursuant to F. R.C.P. 33 (a). In spite of this excessive and impermissible amount of discovery requests, Defendants responded to each request on February 23, 2003. No indication of Plaintiff's dissatisfaction with the Defendants' responses was conveyed, until the flurry of letters and further discovery requests received within the last three weeks. These recently forwarded discovery requests by Plaintiff include: Request for Admissions, several Supplemental Interrogatories and Request for Production of Documents, Contention Interrogatories and Interrogatories directed to a psychiatrist and neurologist. Defendants have not retained any neurology expert.

Apparently, Plaintiff realized at the end of May, 2003 that the discovery deadline of June 30, 2003 was imminent. Along with the numerous letters and further discovery requests, Plaintiff filed the instant motion, deemed an Emergency Motion to Compel Defendants Responses to Discovery. The Plaintiff perceived "emergency" is solely a result of the inaction of Plaintiff during the nine months when discovery could have been conducted. Each and every item contained within Plaintiff's "emergency" motion was either responded to in Defendant's initial response to Plaintiff's excess of discovery requests, or are entirely new requests contained only within the "emergency" motion.

329891-1

Pursuant to F.R.C.P. 33 (b), any Answers or Objections to Interrogatories and Request for Production of Documents are due within thirty days of service. Defendants responded to Plaintiff's First Set of Interrogatories and Requests for Production of Documents on February 23, 2003. Plaintiff's "emergency" motion appears to request that the Court direct Defendants to respond to Plaintiff's new discovery requests well before the thirty days allowed. Responding Defendant submits that there can be no "emergency" until the allowed time to respond has passed.

All objections interposed in Defendants Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents were timely made and remain asserted until such time as the Court rules upon them. Plaintiff had nearly four months to petition the Court regarding any dissatisfaction with these responses, but failed to do so until this recently filed instant motion.

Plaintiff's asserts that Defendant should be compelled to provide addresses and telephone numbers of thirty-four employees, past employees, inmates and/or former inmates of the correctional facility. Such information, in the course of a 42 U.S.C.A. § 1983 action, is not permitted absent written consent by those individuals or a Court Order directing that this information be provided. <u>Pub. L. 105-277 and 101 (b)</u>  [Title I § 127] October 21, 1998, 112 Stat. 2681-74.

Notices for several depositions of individuals listed among the thirty-four prospective deponents contained in Plaintiffs prior correspondence were received by Defendants on June 13, 2003. Plaintiff arbitrarily selected dates for these depositions, and these depositions and the dates for these depositions amount to an egregious lack of adequate notice to the witnesses and Defendants. The perceived "emergency" regarding depositions after nine months of available

329891-1

discovery time, is solely due to Plaintiff's inaction and failure to utilize the time available for discovery. Plaintiff now requests that this Court direct Defendants to virtually forsake all other work and alleviate the problems due to non-diligent litigation of this matter.

    For all the foregoing reasons outlined in Defendants response to Plaintiff's Emergency Motion to Compel Discovery Responses, responding Defendant requests that this Honorable Court deny Plaintiff's Motion.

        Respectively submitted,

        **KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

        _____
        DAVID F. WHITE, ESQUIRE
        DENNIS P. HERBERT, ESQUIRE
        Attorneys for Defendants, Wackenhut Corporation; Wackenhut Corrections Corporation c/o Prentice Hall Corp.; Wackenhut Corporation; Charles Sexton, Chairman of Delaware County Board of Prison Inspectors; James Janecka, Warden of Delaware County Prison; Deborah Perretta, Health Services Administrator of Delaware County Prison; Margaret Carrillo, M.D., Delaware County Prison; Dr. Frederick, Delaware County Prison; Dr.Holland Hull, Delaware County Prison; Merian Byrd, Nnurse, Delaware County Prison; Carol Snell, Nurse,

Dated: _____

329891-1