IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| DELAWARE COUNTY ET AL | : | JURY TRIAL REQUESTED |

**DEFENDANTS' DELAWARE COUNTY, ET AL. ANSWER TO PLAINTIFF'S
EMERGENCY MOTION TO COMPEL RESPONSES TO DISCOVERY**

Defendants, by and through their attorney, Robert M. DiOrio, Esquire, hereby file this Answer to Plaintiff's Emergency Motion to Compel Responses to Discovery, and in support thereof aver as follows:

1. Denied. It is denied that Plaintiff's alleged injuries, if any, were caused by Answering Defendants' deliberate indifference to Plaintiff's medical needs while incarcerated at the Delaware County Prison, actually known as the George W. Hill Correctional Facility. On the contrary, Answering Defendants do not believe that Plaintiff suffered any injury as the result of any act or omission of any of the Defendants.

2. Admitted.

3. Denied as Plaintiff's Complaint speaks for itself.

4. Admitted.

5. Admitted in part; denied in part. It is admitted that Answering Defendants responded to Plaintiff's First Set of Interrogatories and Request for Production of Documents. A true and correct copy of Defendants' responses are attached hereto as Exhibit "A." Defendants answered various Interrogatories and interposed objections to various others as outlined in the responses contained in Exhibit "A."

6. Denied as Plaintiff's letter of May 23, 2003 speaks for itself. By way of further

Answer, Answering Defendants interposed objections to Interrogatory Nos. 15, 18, 33, and 40 – 43, as set forth more fully in Exhibit "A."

      7. Denied as Plaintiff's letter of May 23. 2003 speaks for itself. By way of further Answer, the Corporate Designee, Deborah Perretta testified at her deposition on May 8, 2003 on Page 9 that she was not aware of any other claims that have been submitted to Delaware County Prison or Wackenhut in Pennsylvania regarding lack of medication or denial of medication. Plaintiff's counsel was free to question her further on this topic, but did not do so.

      Moreover, Answering Defendants continue to strenuously object to Plaintiff's request, which, as worded in No. 7 of the 30 (b)(6) Notice of Deposition, is extremely broad, burdensome, onerous and oppressive. It would be most oppressive and impractical for Answering Defendants to be made to produce "any and all claims by past or present inmates that (a) medical treatment or medications were or are denied to them or (b) were or are improperly administered to them by Wackenhut Corrections Corporation, thereby resulting in bodily harm or injury."

      Answering Defendants also assert that Plaintiff that any claim occurring after the date of loss in the case *sub judice* would not be relevant.

      8. Denied as the 30(b)(6) Notice of Deposition speaks for itself. By way of further Answer, Answering Defendant has produced all discoverable documents in their possession.

      By way of further Answer, Answering Defendants state as follows:

      (a) Plaintiff seeks "All documents reflecting or concerning the dispensing and administering of medications to inmates at Delaware County Prison from 1/20/98 through 5/28/00. The only documents which exist and are responsive to this Request are the inmates' "medication administration records." Answering Defendants have already produced Plaintiff's

medication administration records regarding his 2000 incarceration. Answering Defendants are willing to produce Plaintiff's medication administration records from his 1998 incarceration if Plaintiff so desires. However, Answering Defendants cannot produce the medication administration records of any other inmates in that such a request is significantly burdensome and oppressive. There have been upward of 20,000 inmates incarcerated at the G.W.H.C.F. in the relevant time period, and to produce each inmate's medication administration records would be nearly impossible. Further, such information is not reasonably calculated to lead to the discovery of admissible evidence, and cannot be produced absent written consent of the inmate or a court order pursuant to Pub L. 105-277 and 101(b) [Title I § 127] October 21, 1998, 112 Stat. 2681 – 74.

(b)   Plaintiff seeks, "All documents reflecting or concerning the diabetic diet recommended or provided to Plaintiff while incarcerated at the Delaware County Prison in 2000." Answering Defendants have already produced all discoverable documents in their possession responsive to this request. However, at this time Answering Defendants will produce a sample menu which was in effect at the relevant time period.

(c)   Plaintiff seeks, "Plaintiff's complete medical file including, but not limited to, and all records of treatment (sic)." Answering Defendants produced all of Plaintiff's medical records from his 2000 incarceration in their Self Executing Disclosures pursuant to F.R.C.P. 26 (a)(1).

9.   This Paragraph does not make grammatical sense. However, Answering Defendants believe that this Paragraph may mean that Plaintiff believes that Deborah Perretta testified at her deposition on May 8, 2003 that all of the documents set forth in the preceding paragraph exist. If this is what Plaintiff is averring in this Paragraph, Answering Defendants' response is that Deborah Perretta did not testify that each of the documents set forth in the preceding paragraph

exist. Therefore, to the extent that Answering Defendants are correctly interpreting this Paragraph of Plaintiff's Emergency Motion, it is denied.

      10. Denied. A fair reading of Deborah Perretta's deposition transcript of May 8, 2003 demonstrates that she did not testify as stated in this Paragraph of Plaintiff's Emergency Motion. Further, during Ms. Perretta's deposition, Plaintiff's counsel never made any request to produce any of the documents described in Subparagraphs (a) through (f) of this Paragraph of Plaintiff's Emergency Motion. Also, Robert M. DiOrio, Esquire merely indicated that the documents, if any, had not been located to date, and did not state that they had been lost, misplaced or destroyed.

      By way of further Answer:

      (a) Plaintiff seeks, "Billing records identifying the individuals who treated Plaintiff." In response, Answering Defendants assert that Deborah Perretta testified at her deposition that these records <u>might</u> exist. However, after conducting yet another diligent search after Ms. Perretta's deposition, it has been determined that these records do not exist.

      (b) Plaintiff seeks, "records regarding the availability of Trazadone, Effexor, Klonopin and Insulin, all medications prescribed to Plaintiff by his private physician and Wackenhut's physician while Plaintiff was incarcerated in 2000." In response, Answering Defendant asserts that Deborah Perretta did not testify that there were records responsive to this request, other than Plaintiff's medication administration record and inmate medical chart, all of which have already been produced. No records exist which demonstrate whether these medications were in stock at the prison pharmacy on the weekends of Plaintiff's incarceration in 2000, or which demonstrate whether Plaintiff brought these medications with him to his weekend incarcerations.

      (c) See Answer to Paragraph 8(b), *supra*.

(d) Plaintiff seeks, "monthly medical audits performed by Defendants in 2000 while Plaintiff was incarcerated." In response, Answering Defendants assert that Deborah Perretta did not testify that monthly medical audits were performed in the year 2000 while Plaintiff was incarcerated. Further, no such records exist for the relevant time period.

(e) No such records exist.

(f) Plaintiff seeks, "documents in Defendants' possession regarding investigations they performed to determine the cause or extent of Plaintiff's injuries. In response, Answering Defendants assert that any discoverable documents responsive to this Request have already been produced, and any other document which may exist are protected by the attorney/client privilege and/or the work product doctrine.

11. Denied as Plaintiff's letter of May 23, 2003 speaks for itself. However, Plaintiff's request for contact information regarding these 34 witnesses was never made before the letter of May 23, 2003. Therefore, this Motion to Compel the contact information for these witnesses is premature. Further, the contact information cannot be produced pursuant to Pub L. 105-277 and 101(b) [Title I § 127] October 21, 1998, 112 Stat. 2681 – 74.

12. Defense counsel is investigating the contact information for the list of 34 witnesses, some of whom are believed to be former inmates and possibly former employees who are no longer in the custody and/or control of Defendants. Further, the response to this discovery request is not due until June 22, 2003.

Answering Defendants are willing do discuss dates to take depositions of the those proposed deponents who remain under the control of Answering Defendants.

13. Admitted. However, this Request was not served until May 29, 2003. Therefore, Plaintiff's Motion to Compel Inspection and Entry is premature at this time.

14. Denied. Counsel for Defendants responded to Plaintiff's counsel, both in writing and by telephone to discuss Plaintiff's multitude of discovery requests.

15. Admitted.

16. Admitted.

17. Denied. Kathleen Mahoney, Esquire informed Plaintiff's counsel that Answering Defendants would continue to assert their objections to the subject Interrogatories. Further, Ms. Mahoney informed defense counsel that she was attempting to determine the contact information for the 34 witnesses whose depositions were requested. Subsequently, it was determined that this information cannot be produced pursuant to Pub L. 105-277 and 101(b) [Title I § 127] October 21, 1998, 112 Stat. 2681 – 74. However, Answering Defendants remain willing to discuss deposition dates for those proposed deponents who remain under their control.

18. Denied as Attorney White's letter of June 2, 2003 speaks for itself.

19. Admitted in part; denied in part. It is admitted only that Plaintiff has complied with all Court Orders. However, Plaintiff has filed this "Emergency" motion only because the discovery deadline quickly approaches. There is no true emergency. Further, Plaintiff's letter of May 23, 2003 asserts certain new discovery requests which is an improper format to do so.

20. Denied. Please see Answering Defendants' previous objections to Plaintiff's discovery requests, specifically, Answering Defendants' objections to Interrogatory Nos. 15, 18, 33, 35, and 40 – 43 attached hereto. By way of further Answer, Answering Defendants assert that many, if not all, of Plaintiff's discovery requests are over broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence.

21. See Answering Defendants' response to Paragraph 10, *supra*.

22. Denied. Answering Defendants have already produced all relevant and discoverable

documents in their possession.  The documents Plaintiff now seeks exceed the scope of discovery, and are oppressive and unduly burdensome.

      23.  Denied.  To the contrary, Plaintiff did not pursue Answering Defendants' objections to discovery until well after the requisite time period for doing so had accrued.  Therefore, Plaintiff's inability to complete discovery within the time allotted is due to Plaintiff's failure to act with due diligence.  Answering Defendants have timely responded to all reasonable discovery requests.

      24.  Denied as a conclusion of law.

**WHEREFORE,** Answering Defendants respectfully request that this Honorable Court deny Plaintiff's Emergency Motion to Compel the requested discovery.

                                                  Respectfully submitted:

                                                  _____
**ROBERT M. DIORIO, ESQUIRE**
Pa I.D. No. 17838
**KATHLEEN E. MAHONEY**
Pa I.D. No. 77873
DiOrio & Sereni, L.L.P.
Front & Plum Streets
P.O. Box 1789
Media, PA 19063
(610) 565-5700
(610) 891-0652 (fax)

Dated: June 20, 2003                                      Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, Robert M. DiOrio, Esquire, hereby certifies that a true and correct copy of the foregoing Answer to Plaintiff's Emergency Motion to Compel Responses to Discovery was served on the date below by facsimile and first class, U.S. mail, postage pre-paid, upon the following:

    Derrick Howard, Esquire
    John Rollins, Esquire
    **HOWARD ROLLINS, LLC**
    1319 South Broad Street
    Philadelphia, PA 19147
    (215) 334-7445 (facsimile)

    David F. White, Esquire
    **KELLY, McLAUGHLIN, & FOSTER**
    620 W. Germantown Pike
    Suite 350
    Plymouth Meeting, PA 19462
    (215) 985-0675 (facsimile)

    _____
    **ROBERT M. DIORIO, ESQUIRE**
    Pa I.D. No. 17838
    DiOrio & Sereni, L.L.P.
    Front & Plum Streets
    P.O. Box 1789
    Media, PA 19063
    (610) 565-5700
    (610) 891-0652 (fax)

Dated: June 20, 2003                                   Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| DELAWARE COUNTY ET AL | : | JURY TRIAL REQUESTED |

**DEFENDANTS DELAWARE COUNTY, DELAWARE COUNTY BOARD OF PRISON INSPECTORS AND GEORGE W. HILL'S BRIEF IN SUPPORT OF THEIR ANSWER TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants, Delaware County, Delaware County Board of Prison Inspectors and George W. Hill hereby submit this Brief in Support of their Answer to Plaintiff's Emergency Motion to Compel Discovery Responses.

Answers and objections to Interrogatories and Requests for Production of Documents are due within 30 days of service.  F.R.C.P. 33(b); *Verkuilen v. South Shore Building & Mortgage Co.*, 122 F.3d 410 (7th Cir. 1997).  Plaintiff's Emergency Motion to Compel Discovery Responses asks the Court to compel production of certain documents as set forth in Plaintiff's Counsel's letter of May 23, 2003, as well as contact information for 34 witnesses, all of which are brand new discovery requests.  Therefore, Plaintiff's Emergency Motion to Compel in this regard is premature.

Further, Defendants have interposed objections to Plaintiff's Interrogatories 15, 18, 33, 35 and 40 – 43.  Therefore, Defendants timely responded to these discovery requests.  The Defendants informed Plaintiff that they would continue to assert these objections until such time as the Court ruled on them.  This is an entirely appropriate response to discovery, and does not amount to dilatory tactics as Plaintiff has alleged.

Finally, as a matter of public policy and for the security of inmates, employees and

visitors, Defendants cannot permit Plaintiff to videotape or photograph the interior of the George W. Hill Correctional Facility. Defendants do not believe that it is necessary for Plaintiff to present photographic or videotape evidence of the interior of the prison in order for Plaintiff to present his case-in-chief at the trial of this matter.

      **WHEREFORE,** for the reasons set forth above, Answering Defendants respectfully request that this Honorable Court deny Plaintiff's Emergency Motion to Compel the requested discovery.

                                      Respectfully submitted:

                                      _____
                                      **ROBERT M. DIORIO, ESQUIRE**
                                      Pa I.D. No. 17838
                                      **KATHLEEN E. MAHONEY, ESQUIRE**
                                      Pa. I.D. No. 77873
                                      DiOrio & Sereni, L.L.P.
                                      Front & Plum Streets
                                      P.O. Box 1789
                                      Media, PA 19063
                                      (610) 565-5700
                                      (610) 891-0652 (fax)

Dated: June 20, 2003                                Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | NO. 02-3230 |
| **V.** | : | CIVIL ACTION |
| **DELAWARE COUNTY ET AL** | : | JURY TRIAL REQUESTED |

**ORDER**

     **AND NOW,** this _____ day of _____, 2003, upon consideration of Plaintiff's Emergency Motion to Compel Discovery Responses and Defendants' Answer thereto, it is hereby **ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.

                                                    **BY THE COURT:**

                                                    _____
                                                    **MICHAEL M. BAYLSON, J.**