IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| DELAWARE COUNTY ET AL | : | JURY TRIAL REQUESTED |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER DIRECTING DISCOVERY**

Defendants, by and through their attorneys, Robert M. DiOrio, Esquire and Kathleen E. Mahoney, Esquire hereby submit this Response to Plaintiff's Motion for Sanctions for Failure to Comply with a Court Order Directing Discovery as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as a stated assumption.

5. Admitted upon information and belief.

6. Denied. Plaintiff's counsel report a portion of a private, privileged and confidential conversation between defense counsel as to how to comply with the Order of June 25, 2003, embellished with their self-serving and conclusory script. In fact, intending to reference at least the said five cases, in a subsequent phone conversation later the same day between Attorney Rollins and Attorney DiOrio, Rollins was informed that the location of certain files had not as yet been determined, although Rollins was invited to inspect and copy those that were then available. Rollins not only concurred, but suggested that he be contacted only after all files had been identified and obtained. Thereafter, Plaintiff's counsel received from defense counsel a list

1

of 28 cases included as Plaintiff's Exhibit "C."

      7. Denied. The voice mail recording had nothing whatsoever to do with narrowing the quantity or quality of documents to be produced, but merely the logistics of disclosure and production.

      8. Denied as stated as the voice mail recording speaks for itself. It is defense counsel's understanding that any action filed five years prior to May 26, 2002, the date Plaintiff commenced the within action, need not be produced. The matters of <u>Cleveland v. Wackenhut Corrections Corporation</u>, USDC 97-388, and <u>Palladino v. Wackenhut Corrections Corporation</u>, U.S.D.C. 97-2401 were filed prior to May 26, 1997, namely on January 17, 1997 and April 8, 1997, respectively, and therefore not subject to the Order of June 25, 2003.

      9. Denied. Defendants incorporate their response to Paragraph 8, above, as if set forth at length herein. Moreover, obviously defense counsel anticipate the ability of Plaintiff's counsel to cross-check through a search of public dockets, thereby further illustrating the absurdity of their allegations.

      10. Denied. The averments in paragraphs four (4) through nine (9) of Defendant's Response are incorporated herein by reference. Additionally, any ethical violation is wholly that of Plaintiff's counsel; the voice mail recording is partial, out of context, incomplete, unauthenticated and is objected to.

      11. Denied. The instant pleading represents a desperate attempt to embarrass and intimidate defense counsel in order to obtain discovery outside the permissible scope of the June 25, 2003 Order.

      12. Denied. Each and every of the various allegations are irrelevant and without merit,

but for the sake of clarity, in brief response thereto:

    (a) Immediately prior to the corporate representative's deposition, it was discovered that a few sides of certain double-sided documents had not been duplicated, which were provided to and reviewed by Plaintiff's counsel prior to the deposition without complaint or further comment, until now.

    (b) After the deposition, it was learned that the subject documents, which the deponent indicated might exist, did not exist.

    (c) Defense counsel are unaware of any contradictory statements made to either Magistrate Judge Linda K. Caracappa or The Honorable Michael M. Baylson.

13. Denied as stated since Plaintiff's counsel has received the information as set forth in the Court's Order.

14. Denied. Defendants incorporate by reference Paragraphs four (4) through ten (10) of their Response as if set forth at length herein.

15. Denied. *Demarco v. Wackenhut Corrections Corp., et al.* is included in the list of 28 cases as number 9. See, Plaintiff's Exhibit "C." ; *Charles Rainey v. County of Delaware, et al.* had not then been located in defense counsel's archives; *Palladino v. Wackenhut Corrections* was filed prior to May 26, 1997.

16. Denied as stated as the documents relative to said cases speak for themselves.

17. Denied. Defendants have complied with the Order of June 25, 2003.

**WHEREFORE,** Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Sanctions for Failure to Comply with Discovery Order.

                                        Respectfully submitted:

                                        **DIORIO AND SERENI, LLP**

**Date:** _____                **BY:** _____
                                                  **ROBERT M. DIORIO**
                                                  I.D. No.: 17838
                                                  **KATHLEEN E. MAHONEY**
                                                  I.D. No.: 77873
                                                  Front & Plum Streets
                                                  Media, Pa.  19063
                                                  (610) 565-5700
                                                  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | NO. 02-3230 |
| **V.** | : | CIVIL ACTION |
| **DELAWARE COUNTY ET AL** | : | JURY TRIAL REQUESTED |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH A COURT ORDER DIRECTING DISCOVERY**

Defendants hereby incorporate by reference their Response to Plaintiff's Motion for Sanctions for Failure to Comply with a Court Order Directing Discovery as if set forth at length herein.

Additionally, Defendants submit that the conduct of Plaintiff's counsel in exploiting the voice mail recording is in contradiction to the American Bar Association Ethics Committees' Formal Opinions on the issue of inadvertent disclosure of privileged and confidential materials. In ABA Formal Opinion 92-368, a lawyer received a facsimile addressed to co-counsel labeled privileged and confidential. The sending lawyer did not intend to transmit the material to the receiving lawyer. The ABA Ethics Committee determined that the interest of protecting privileged communications outweighed the interest of the receiving lawyer in retaining such documents, that good sense and reciprocity required that the lawyer refrain from examining the materials, and that the lawyer should notify the sending lawyer and abide by the instructions of the lawyer who sent the materials. As stated by the Ethics Committee:

> "In this instance...the Model Rules, the law of bailment and good sense all come together to support our conclusion that receiving counsel's obligations under those circumstances are to avoid reviewing the materials, notify sending counsel if sending counsel remains ignorant of the problem and abide sending

>counsel's direction as to how to treat the disposition of the confidential materials. This result not only fosters the important principle of confidentiality, avoids punishing the innocent client and conforms to the law of bailment, but also achieves a level of professionalism which can only redound to the lawyer's benefit."

This same approach was also followed in ABA Formal Opinion 94-382 where the lawyer received and reviewed confidential and privileged materials.

Similarly, the Pennsylvania Bar Association has issued numerous Ethics Opinions recommending that privileged and confidential materials inadvertently produced by counsel for an adverse party should be returned by the receiving lawyer and that the receiving attorney should refrain from examining the materials. Further, PBA Ethics Opinion 95-101(B) cautioned that not returning the materials may cause the receiving lawyer to be sanctioned or disqualified for review and/or use of the inadvertently transmitted material.

Although the issue instantly before this Honorable Court deals with transmission of a portion of a privileged and confidential discussion between counsel, the principles applied by the ABA and the PBA, cited above, certainly apply. Plaintiff's counsel should have immediately notified defense counsel of their receipt thereof, but instead attempt to, in effect, extort from defense counsel additional discovery outside the scope of the June 25, 2003 Order. The scope of their proposed Order, requesting discovery in excess of the June 25, 2003 Order, demonstrates the intent to intimidate. By rushing to the courthouse instead of first discussing the transmission with defense counsel, Plaintiff's counsel have, once again, subjected this Honorable Court to another unnecessary and baseless Motion, and have contravened the Order of June 25, 2003 which directs the parties to "communicate and cooperate with each other on the conduct of discovery."

Finally, to suggest that defense counsel would intentionally withhold information readily accessible via public dockets further illustrates the absurdity of these preposterous allegations.

Accordingly, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Sanctions.

                                              Respectfully submitted:

                                              **DIORIO AND SERENI, LLP**

**Date:** _____                      **BY:** _____
                                                    **ROBERT M. DIORIO**
                                                    I.D. No.: 17838
                                                   **KATHLEEN E. MAHONEY**
                                                   I.D. No.: 77873
                                                   Front & Plum Streets
                                                   Media, Pa. 19063
                                                   (610) 565-5700
                                                   Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

We, Robert M. DiOrio, Esquire, and Kathleen E. Mahoney, Esquire hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion for Sanctions for Failure to Comply with a Court Order Directing Discovery and accompanying Brief in Opposition to Plaintiff's Motion for Sanctions was served on the dates below by facsimile and first class, U.S. mail, postage pre-paid, upon the following:

> Derrick Howard, Esquire
> John Rollins, Esquire
> **HOWARD ROLLINS, LLC**
> 1319 South Broad Street
> Philadelphia, PA 19147
> (215) 334-7445 (facsimile)
>
> David F. White, Esquire
> Dennis Herbert, Esquire
> **KELLY, McLAUGHLIN, & FOSTER**
> 620 W. Germantown Pike
> Suite 350
> Plymouth Meeting, PA 19462
> (215) 985-0675 (facsimile)

> _____
> **ROBERT M. DIORIO, ESQUIRE**
> Pa I.D. No. 17838
> **KATHLEEN E. MAHONEY**
> Pa I.D. No. 77873
> DiOrio & Sereni, L.L.P.
> Front & Plum Streets
> P.O. Box 1789
> Media, PA 19063
> (610) 565-5700
> (610) 891-0652 (fax)

**Date:**_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| **DELAWARE COUNTY ET AL** | : | JURY TRIAL REQUESTED |

**ORDER**

**AND NOW**, this            day of                        , 2003, upon consideration of Plaintiff's Motion for Sanctions for Failure to Comply with a Court Order Directing Discovery and Defendants' Response and Brief in Opposition thereto,

**IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
**Baylson, Michael M.,            J.**

**AFFIDAVIT**

**Commonwealth of Pennsylvania** :
                                : ss
**County of Delaware**          :

I, Kathleen E. Mahoney, Esquire, having been duly sworn according to law, depose and testify that the following is true to the best of my personal knowledge, information and belief all of the factual averments contained within Defendants' Response and Brief in Opposition to Plaintiff's Motion For Sanctions for Failure to Comply with a Court Order Directing Discovery are true and correct.

_____

**KATHLEEN E. MAHONEY**

**SWORN TO AND SUBSCRIBED
BEFORE ME THIS         DAY
OF                   , 2003**

_____

**Notary Public**

# AFFIDAVIT

**Commonwealth of Pennsylvania** :
: ss
**County of Delaware** :


I, Robert M. DiOrio, Esquire, having been duly sworn according to law, depose and testify that the following is true to the best of my personal knowledge, information and belief all of the factual averments contained within Defendants' Response and Brief In Opposition to Plaintiff's Motion For Sanctions for Failure to Comply with a Court Order Directing Discovery are true and correct.

_____
**ROBERT M. DIORIO**


**SWORN TO AND SUBSCRIBED
BEFORE ME THIS          DAY
OF                             , 2003**

_____
**Notary Public**