IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| **DELAWARE COUNTY ET AL** | : | JURY TRIAL REQUESTED |

## ORDER

**AND NOW,** this            day of                        , 2003, upon consideration of Plaintiff's Motion to Compel Discovery Responses and Defendants' Response thereto, it is hereby **ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
**BAYSLON, MICHAEL M.         J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| **DELAWARE COUNTY ET AL** | : | JURY TRIAL REQUESTED |

<u>**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL RESPONSES TO DISCOVERY**</u>

Defendants, by and through their attorneys, hereby submit this response to Plaintiff's Motion to Compel Responses to Discovery:

I. A.  1.  Plaintiff seeks his intake records from his weekend incarcerations from February 2000 to May 2000. Defendants have already produced all records which have been located to date which pertain to Plaintiff. For further response, see Defendants' Certificate of Compliance with Court's directive, attached hereto as Exhibit "A."

2.  Plaintiff seeks documents indicating what items Plaintiff brought into the prison each weekend he reported for incarceration. Defendants have already produced all records which have been located to date which pertain to Plaintiff. For further response, see Defendants' Certificate of Compliance with Court's directive, attached hereto as Exhibit "A."

3.  Plaintiff seeks any urinalysis tests conducted on Plaintiff while incarcerated at the prison. Defendants have already produced all records which have been located to date which pertain to Plaintiff. For further

response, see Defendants' Certificate of Compliance with Court's directive, attached hereto as Exhibit "A."

4. Plaintiff seeks any serious incident reports regarding Plaintiff's injuries. Defendants have already produced all records which have been located to date which pertain to Plaintiff. For further response, see Defendants' Certificate of Compliance with Court's directive, attached hereto as Exhibit "A."

5. Plaintiff seeks a shift roster for correctional officers that guarded weekend inmates from February to May 2000 (Request No. 1(i). Defendants responded to this Request as follows: "Objection. This Request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence." At this time Defendants do not have anything to add to this response and respectfully request that the Court rule on the objection.

6. Plaintiff seeks any and all documents identifying all correctional officers, inmates, etc. who were responsible for ensuring Plaintiff received his diabetic diet while incarcerated in 2000. Defendants' responded to this Request by stating, "At this time Answering Defendants are unaware of the existence of any documents responsive to this request. However, Answering Defendants will continue to perform a due and diligent search

and will supplement this Answer if appropriate." To date, no documents responsive to this request have been discovered. However, a sample menu of diabetic meals was produced to Plaintiff. A true and correct copy of Defendants' Responses to Plaintiff's Second Request for Production of Documents Addressed to All Defendants is attached hereto as Exhibit "B."

7. Plaintiff seeks the YNS audits of the prison's pharmaceutical department. Defendants responded to this Request by stating as follows: "Objection. This Request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject thereto, Defendants are continuing their search to determine if these documents exist." At this time, Defendants have not located any documents responsive to the request, but also Defendants seek a ruling on their stated objection. <u>See</u>, Exhibit "B." By way of further response, according to Deborah Perretta, Health Services Administrator, there are no records at the George W. Hill Correctional Facility regarding these audits, but that YNS should have copies of these audits, which were performed on a quarterly basis.

B. A proposed Stipulation has been submitted to Plaintiff's counsel for their consideration. Mr. Howard verbally informed Ms. Mahoney that he thought the language of the Stipulation was acceptable, but that he needed to discuss it further

      with Mr. Rollins.  Therefore, Defendants believe and therefore aver that this issue will be resolved without the need for Court intervention.

C.    1.    Plaintiff seeks "Delaware County Prison's process or procedure for requiring inmates to bring their narcotics or psychotropic medications with the inmate for weekend incarcerations in 2000."  Defendants responded to this request as follows: "Objection.  This request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection and subject thereto, Wackenhut Corrections Corporation's procedure for weekend inmates is attached hereto."  Defendants believe that this Request has been answered adequately in addition to the valid objection interposed thereto.  A true and correct copy of Defendants' Responses to Defendants' George W. Hill and James Janecka Responses To Plaintiff's Interrogatories and Request for Production of Documents is attached hereto as Exhibit "C."

    2.    Plaintiff's Request No. 4 is not a request to produce, but an interrogatory which states, "Detail how the prison is organized regarding the administration of all departments within the Delaware County Prison."  Therefore, this Interrogatory exceeds the permissible number of interrogatories permitted by the Federal Rules and also exceeds this Honorable Court's previous rulings on this issue.

3. Plaintiff's Request No. 5 states, "Produce all documents regarding any and all daily role calls for Plaintiff and all other inmates incarcerated only for weekends at the Delaware County Prison from February 1, 2000 to May 31, 2000." Defendants responded as follows: "Objection. This request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections and subject thereto, Answering Defendants are not aware of any 'role calls' for Plaintiff. Please restate this request with greater specificity." Defendants do not have anything to add to this response at this time, and respectfully request the Court to rule upon the objection. See, Exhibit "C."

4. Plaintiff's Request No. 6 states, "Produce all computer records concerning Plaintiff's incarceration in 1998 and 2000, including but not limited to, all archived documents, documents on diskettes, and electronic mail." Defendants response to this Request is as follows: "Upon information and belief, all known documents responsive to this request have been produced. Answering Defendants reserve the right to supplement this response should additional documents be discovered." By way of further response, please see Defendants' Certificate of Compliance with Court's Directive attached hereto as Exhibit "A" and Defendants' Exhibit "C."

    5.    Plaintiff's Request No. 7 states, "Produce any and all documents, including policy and procedure manuals and logs, concerning, relating to or regarding your daily inspection and operation of the Delaware County Prison from February 1, 200 to May 31, 2000, including but not limited to health department inspections or reviews."  Defendants responded as follows: "Objection.  This request is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections and subject thereto, please restate this request with greater specificity."  Defendants do not have anything to add to this response at this time and respectfully request that the Court rule on this objection.

**WHEREFORE,** for the reasons stated above, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Compel discovery responses.

    Respectfully submitted:

    **DIORIO AND SERENI, LLP**

**Date:** _____    **BY:** _____
    **ROBERT M. DIORIO**
    I.D. No.: 17838
    **KATHLEEN E. MAHONEY**
    I.D. No.: 77873
    Front & Plum Streets
    Media, Pa.  19063
    (610) 565-5700
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

We, Robert M. DiOrio, Esquire, and Kathleen E. Mahoney, Esquire hereby certify that a true and correct copy of the foregoing Response to Plaintiff's Motion to Compel was served on the date below by first class, U.S. mail, postage pre-paid, and facsimile upon the following:

>Derrick Howard, Esquire
>John Rollins, Esquire
>**HOWARD ROLLINS, LLC**
>1319 South Broad Street
>Philadelphia, PA 19147
>(Facsimile 610-941-8133)
>
>David F. White, Esquire
>Dennis Herbert, Esquire
>**KELLY, McLAUGHLIN, & FOSTER**
>620 W. Germantown Pike
>Suite 350
>Plymouth Meeting, PA 19462
>(Facsimile 215-334-7445)

>_____
>**ROBERT M. DIORIO, ESQUIRE**
>Pa I.D. No. 17838
>**KATHLEEN E. MAHONEY**
>Pa I.D. No. 77873
>DiOrio & Sereni, L.L.P.
>Front & Plum Streets
>P.O. Box 1789
>Media, PA 19063
>(610) 565-5700
>(610) 891-0652 (fax)

**Date:**_____