IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : | NO. 02-3230 |

**DEFENDANTS WACKENHUT CORRECTIONS CORPORATION AND WACKENHUT CORPORATION'S MOTION FOR PROTECTIVE ORDER**

Defendant Wackenhut Corrections Corporation (hereinafter referred to "Wackenhut"), by and through their attorneys, Kelly, McLaughlin, Foster, Bracaglia, Daly, Trabucco and White, LLP, hereby moves for a Protective Order and in support thereof states the following:

Dates for the depositions of Wackenhut personnel have been agreed to, however, an issue as to the location for these deposition has arose.

345299-1

All deponents are employees at the prison.

Plaintiff's have advised Defendant Wackenhut that they are insisting that all Wackenhut employed personnel who will be produced for deposition be produced at their offices in Center City, Philadelphia. Wackenhut has informed Plaintiff's that the prison personnel would be produced at the prison. The dates agreed upon for the depositions were proposed in conjunction with the respective personnel's work schedule, to allow them to break from their work, be deposed, then immediately return to their respective duties within the prison.

On the day prior to the scheduled deposition of Lt. McCullough of the Corrections Department at the prison (December 9, 2003), Wackenhut informed Plaintiff's that he would be produced at the prison. There appeared to be a confusion of assumptions, with Wackenhut fully expecting that all the prison personnel would be deposed at the prison, while Plaintiff's assumed the depositions would take place in Center City, Philadelphia. Plaintiff's who had sent notices in November after unilaterally selecting dates, were informed via letter that such notices would not be honored and that contact would be made to schedule the depositions.

In fact, Wackenhut's attorney never reviewed the notices sent in November, as the cover letter accompanying the notices and informing of the unilaterally selected dates was all that was needed to trigger the letter suggesting both parties come to terms regarding the scheduling of the depositions. Following agreement as to the dates and times of these depositions, no further notices for these depositions were ever issued by Plaintiff's.

Lt. McCullough, Wackenhut's attorney and Delaware County Prison's attorney were all present in a conference room in the prison at 9:00 A.M. on December 9, 2003. While Plaintiff's had faxed a letter the previous day stating their intentions to avoid the prison for these depositions, Defendants nonetheless were present and willing to go through with the deposition.

345299-1

After waiting approximately twenty minutes with no showing by Plaintiff's attorneys, Defendants telephoned Plaintiff's attorneys' Center City office.

Plaintiff's attorneys would not agree to hold any of the depositions at the prison, and, after a suggestion, would not agree to conduct the depositions at Defendant Delaware County Prison's attorney's office in Media. When pressed for their position, Plaintiff's attorneys stated that they wanted all of the deponents to be produced in their Center City office and nowhere else.

All personnel requested for deposition are essential to the running of the prison. Victoria Gessner, M.D. is the medical director at the prison infirmary. Carol Snell, R.M. and Merion Byrd, R.M. are registered nurses attending to the medical and mental health needs of the prisoners. Lt. McCullough is a supervising corrections officer with the responsibility of coordinating, training and supervising the guard staff. Robert Burguald is the current records administrator and responsible for coordinating documents from every department at the prison. While we have been agreed to produce these individuals for deposition, Moving Defendant sees no rational reason why they must travel to Center City Philadelphia and then back for the convenience of Plaintiff's attorneys during their work shift. The prison facility in Thornton, PA is within the jurisdiction of the Eastern District. Mr. Jackson's alleged accident occurred at this facility.

As Plaintiff's have requested the depositions of six current Wackenhut employees, Moving Defendant requests that this Honorable Court issue a Protective Order prohibiting their depositions from being conducted in Philadelphia, PA. With these individuals work schedules and time constraints, they would be seriously inconvenienced if compelled to attend depositions in Center City. There does not appear to be any compelling reason why Plaintiff's attorney cannot travel to the prison, instead of forcing five individuals to travel.

345299-1

Defendants respectfully request that this Honorable Court grant the proposed Order prohibiting Plaintiff from deposing these individuals in Philadelphia, PA.

        Respectively submitted,

**KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

By:_____
    DAVID F. WHITE, ESQUIRE
    DENNIS P. HERBERT, ESQUIRE
    Attorneys for Defendants,
    Wackenhut Corporation

Dated: _____

345299-1

## CERTIFICATE OF SERVICE

      I, Dennis P. Herbert, Esquire, do hereby certify that a true and correct copy of Defendants Wackenhut Corrections Corporation and Wackenhut Corporations Motion for Protective Order has been served via U.S. Mail, First Class, postage prepaid to the following at the addresses and on the date listed below:

    John Rollins, Esquire
    HOWARD ROLLINS & JONES
    1319 South Broad Street
    Philadelphia, PA  19147

    Kathleen E. Mahoney, Esquire
    Robert M. DiOrio, Esquire
    Front and Plum Streets
    P.O. Box 1789
    Media, PA  19063


    _____
    Dennis P. Herbert

_____
Date

345299-1

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

## **ORDER**

AND NOW, this         day of              , 2003, Defendants Wackenhut Corrections Corporation and Wackenhut Corporation's Motion for Protective Order is hereby GRANTED.

The depositions of the five current Wackenhut employees, Carol Snell, R.N., Merion Byrd, R.N., Victoria Gessner, M.D., Corrections Oficer Lt. McCullough and records custodian Robert Burguald will be conducted on the agreed upon dates at the George W. Hill Correctional Facility, Thornton, Delaware County, Pennsylvania.

ORDERED and DECREED that said motion is granted.

BY THE COURT

_____
J.

345299-1