IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

**DEFENDANT WACKENHUT CORRECTIONS CORPORATION
AND WACKENHUT CORPORATIONS RESPONSE TO PLAINTIFF'S
MOTION TO EXTEND TIME FOR PLAINTIFF'S EXPERT REPORT**

1.   Admitted.

2.   Objection. The sole reason for Plaintiff being unable to meet their deadline is the fact that they were uncomprehendingly late in beginning to schedule these depositions. The Honorable Court, during a hearing on October 1, 2003, warned Plaintiff's that if they wanted to complete all the depositions before the discovery deadlines, then they must begin scheduling these depositions immediately. However, Plaintiff attempted to schedule no depositions until over one month later.

3.   Admitted.

349026-1

4. Objection. Although Defendants received all outstanding transcripts on Friday, January 23, 2004, and Mr. Sexton had requested to read and sign, the deposition transcripts could have been expedited by Plaintiff's request if they wished to ensure they would have the transcript in time for the expert's review.

5. See Response #4.

6. Objection. Plaintiff's infer that Defendants' have some sort of control over Ms. Snook, but they are aware that Ms. Snook is a former employee and that she required a subpoena. No valid subpoena was ever served. Defendants' graciously agreed to attempt to schedule Ms. Snook's deposition, but have never exercised any control over this witness other than the witness agreeing to allow Defendants to represent her at the deposition itself.

7. On January 8, 2004, a court reporter had been ordered but, through miscommunication, could not make it to the prison or in time for Ms. Snook's deposition. A new court reporter was obtained, and all other depositions commenced that day. However, Ms. Snook's deposition was via telephone at Ms. Snook's residence in Florida, and Ms. Snook became unavailable. Defendant's had graciously agreed to provide the court reporter for that day's depositions, but as Ms. Snook was a subpoenaed, out of state witness who was no longer a Wackenhut employee (but who had agreed to Wackenhut's attorneys' representation at deposition).

Defendants object to the characterization that Defendants' "failed" in having a court reporter available. While the telephone deposition was being taken at the prison due to several other live depositions being taken that day, this particular deposition was not technically the responsibility of defendants. Defendants were under no duty to produce Ms. Snook, just as they were under no duty to produce several other former employees who were subpoenaed by Plaintiffs. The Court had ordered that Defendant was responsible for the court reporter fees for

349026-1

those depositions of prison employees taken at the prison itself, so that these particular employees could immediately return to their job duties. Defendants contend that they were under no duty to supply a court reporter for Ms. Snook's, or any other subpoenaed witnesses depositions.

      8.      Admitted.

      9.      Objection. Plaintiff's expert may supplement the report should they obtain the deposition of Ms. Snook. The absence of one deposition should not cause the discovery deadlines to be extended.

      10.      Objection. Defendants' received the transcripts of these depositions on January 23, 2004. Again, the reason these deposition transcripts were received on this date is the untimeliness of scheduling these depositions. Deadlines have already been extended for Plaintiff's benefit, and any failure to meet these deadlines stems from the poor effort extended by Plaintiff's in timely scheduling more than a dozen depositions they contemplated.

      Respectively submitted,

**KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

By:_____
   DAVID F. WHITE, ESQUIRE
   DENNIS P. HERBERT, ESQUIRE
   Attorneys for Defendants,
   Wackenhut Corporation

Dated: _____

349026-1

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

## CERTIFICATE OF SERVICE

I, Dennis P. Herbert, do hereby certify that a true and correct copy of the Answer to Motion for Order Compelling Disclosure or Discovery has been served by U.S. Mail, First Class, postage prepaid, to the following at the addresses and on the date listed below:

>John Rollins, Esquire
>HOWARD ROLLINS & JONES
>1319 South Broad Street
>Philadelphia, PA  19147

>Kathleen E. Mahoney, Esquire
>Robert M. DiOrio, Esquire
>Front and Plum Streets
>P.O. Box 1789
>Media, PA  19063

>_____
>Dennis P. Herbert

Date _____

349026-1