IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

**DEFENDANT WACKENHUT CORRECTIONS CORPORATION AND , THE WACKENHUT CORPORATIONS BRIEF IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFF'S EXPERTS DANIEL GZESH, M.D. AND LEE SILVERMAN, M.D.'S REPORTS AND TESTIMONY FOR FAILURE TO ATTEND DEPOSITIONS**

The most recent Discovery Order issued by Judge Michael Baylson directed all expert depositions to be completed by March 5, 2004. The opposing party cannot depose an expert until the written reports are served, and in the instant case Defendants received the final reports of Plaintiff's experts on February 2, 2004. An added extension to February 10, 2004 for

Plaintiff's experts to supplement their reports should certain depositions be taken was rendered moot when these depositions were not scheduled or conducted.

Recognizing the narrow period for conducting any depositions of Plaintiff's experts following the issuance of Plaintiff's final expert reports and the deadline of March 5, 2004, Defendant Delaware County/Delaware County Prisons sent correspondence to Plaintiff's attorneys on February 13, 2004 requesting dates of availability for their experts to be deposed within the time frame allowed by the Discovery Order. (See Exhibit "A" – correspondence from Delaware County attorney Kathleen Mahoney to Plaintiff's attorney William Reil dated February 13, 2004). A response letter was received by co-defendants on February 18, 2004 in which Plaintiff attorney Reil advised that he had "written" to these experts requesting that they forward dates of availability prior to the March 5, 2004 deadline. (See Exhibit "B" – correspondence from Plaintiff's attorney William Reil to Defendants dated February 18, 2004.)

Following Mr. Reil's February 18, 2004 response, several telephone calls were placed by Defendants and messages were left with Mr. Reil regarding Defendant's urgency in obtaining available dates prior to the deadline.

No further response was received from Plaintiff's attorneys until Friday, February 26, 2004. A letter from Mr. Reil advised that the Defendants have Plaintiff's experts addresses from their respective reports and records and if these expert depositions were desired, then Defendants should communicate, ex parte, with the experts to obtain these dates. (See Exhibit "C" – correspondence from Plaintiff's attorney William Reil to Defendants dated February 26, 2004.)

Rather than risking the dangers inherent in ex parte communication with Plaintiff's experts, Defendants issued Notices of Deposition on Tuesday, March 2, 2004 to two of Plaintiff's

experts, Daniel Gzesh, M.D. and Lee Silverman, M.D., to appear on Friday, March 5, 2004 – the deadline date. (See Exhibits "D" and "E" – deposition notices to Dr. Gzesh and Dr. Silverman). Defendants received correspondence from Mr. Reil after he had received these notices on March 2, 2004 stating that he and the experts would not be available on the deadline date of March 5, 2004. (See Exhibit "F" – correspondence from Plaintiff's attorney William Reil to Defendants dated March 2, 2004.)

On March 5, 2004, attorneys from Defendant Wackenhut Corrections Corporation/Delaware County Prison Board were in attendance and ready to conduct the depositions of Doctor's Gzesh and Silverman. Neither Plaintiff's experts or Plaintiff's attorneys were in attendance and statements were placed on the record.

There was more than ample notice to Plaintiff's attorneys that Defendants wished to depose their experts. As a matter of fact, Plaintiff's sent similar inquiries to the Defendants regarding deposing Defendant's experts prior to the March 5, 2004 deadline, and dates of availability for Defendants experts depositions were promptly forwarded to Plaintiff's attorneys.

Plaintiff's inaction in obtaining dates of availability for their expert depositions has severely prejudiced Defendants. Plaintiff's attorneys were well aware of the deadline dates, and extended little effort in affording Defendants the opportunity to conduct Plaintiff's expert's depositions within the time frame ordered by the Court.

Time, expense and the inability to conduct Plaintiff's expert depositions, incorporate transcripts into substantive motions, incorporate transcripts into any motions limiting expert testimony and the inability to fully prepare for trial are the effects of Plaintiff's attorneys inaction and inattention to the Court's Discovery Order. This inaction is a violation of the Court's Order

pursuant to Federal Rule of Civil Procedure 26 (f), and is as sanctionable as any other Court Order. (See Federal Rule of Civil Procedure 37, 1980 amendment commentary).

The appropriate sanction is to preclude Plaintiff's from offering the opinions of these experts pursuant to Federal Rule of Civil Procedure 37 (b) (2) (B). There is no substantial justification for Plaintiff's failure to provide available dates for their expert depositions, and this failure has significantly harmed the Defendants ability to litigate this matter. Time limits imposed by a Court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the Court. <u>Barowski v. Paoli Memorial Hospital,</u> 1986 U.S. Dist. Lexis 18964.

Defendants, by way of several overtures, attempted to resolve the problem of obtaining available dates for Plaintiff's experts in good faith without Court action, but were met with "stonewalling" tactics which resulted in the passing of the deadline with no expert depositions taken. Plaintiff's inaction was not substantially justified, nor justified at all. No reasonable person could differ as to the inappropriateness of Plaintiff's inaction and, it is submitted, the Plaintiff's acted in bad faith by the inappropriate step of "writing" to their experts rather than telephoning or e-mailing in light of the narrow window for taking these depositions. The failure to return Defendant's several phone calls, providing an inadequate response by informing Defendants that it is the Defendants who need to obtain available dates from Plaintiff's experts with a week to go before the deadline passes, and failing to produce their experts on the date noticed, March 5, 2004, is conduct that has caused Defendants to be severely prejudiced in their efforts to prepare for trial.

The time limits in this matter have already been extended several times due to the dilatoriness of the Plaintiff. Plaintiff attorneys were well aware of the deadlines and also were

in communication with their experts. Plaintiff's had the responsibility of seeking an extension of time once they realized there was going to be a problem in producing their experts within the deadline. Instead, Plaintiff attempted to shift the onus onto Defendants and basically washed their hands of any problems in procuring dates for their experts depositions.

Plaintiff's should not be permitted to use the opinions and testimonies of the experts whose requested information via deposition was not disclosed.

The blanket disregard of the rules as well as the obvious non-cooperation in this serious discovery matter warrants the entry of an Order in the form attached.

WHEREFORE, moving Defendants Wackenhut Corrections Corporation and the Wackenhut Corporation respectfully request that this Honorable Court enter the proposed Order precluding the testimony and opinions of Plaintiff's experts, Daniel Gzesh, M.D. and Lee Silverman, M.D. for the foregoing reasons and that reasonable attorney fees and expenses be granted.

                                                    Respectively submitted,

                                                    **KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

                                                    By:/s/ David F. White, Esquire
                                                        DAVID F. WHITE, ESQUIRE
                                                        DENNIS P. HERBERT, ESQUIRE
                                                        Attorneys for Defendants,
                                                        Wackenhut Corrections Corporation,
                                                        and The Wackenhut Corporation

Dated: March 11, 2004