**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | **NO. 02-3230** |
| **V.** | : | **CIVIL ACTION** |
| **DELAWARE COUNTY, ET AL** | : | **JURY TRIAL REQUESTED** |

<u>**NOTICE OF MOTION**</u>

**TO:**   Derrick Howard, Esquire          William C. Reil, Esquire
     John Rollins, Esquire              42 S. 15th Street
     **HOWARD ROLLINS, LLC**          Philadelphia, PA 19102
     262 South 12th Street
     Philadelphia, PA 19107

You are hereby notified on this 19th day of March, 2004, that the attached **Motion for Summary Judgment** pursuant to Federal Rule of Civil Procedure 56(e) is being filed with the Court.  Pursuant to Local Rule 7.1(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion.  In the absence of a timely response, the Motion may be treated as uncontested.

                    **DIORIO AND SERENI, LLP**


**Date: <u>March 19, 2004</u>**          **BY:** _____
                         **ROBERT M. DIORIO**
                         I.D. No.: 17838

                    **BY:**   **KM1316**_____
                         **KATHLEEN E. MAHONEY**
                         I.D. No.: 77873
                         Front & Plum Streets
                         Media, Pa.  19063
                         (610) 565-5700
                         Attorneys for Defendants Delaware County,
                         Delaware County Board of Prison
                         Inspectors, George W. Hill and Charles P.
                         Sexton, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ARTHUR JACKSON, III            :       NO. 02-3230

V.                             :       CIVIL ACTION

DELAWARE COUNTY, ET AL         :       JURY TRIAL REQUESTED


## <u>ORDER</u>

**AND NOW**, this            day of                       , 2004, upon consideration

of Defendants Delaware County, Delaware County Board of Prison Inspectors, Charles P.

Sexon, Jr. and George W. Hill's Motion for Summary Judgment and any response thereto,

It is hereby **ORDERED** and **DECREED** that Defendants' Motion for Summary

Judgment is **GRANTED**.


                                   **BY THE COURT:**


                                   _____

                                   **BAYLSON, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | NO. 02-3230 |
| V. | : | CIVIL ACTION |
| DELAWARE COUNTY, ET AL | : | JURY TRIAL REQUESTED |

**DEFENDANTS DELAWARE COUNTY, DELAWARE COUNTY**
**BOARD OF PRISON INSPECTORS , CHARLES SEXTON AND**
**GEORGE W. HILL'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Delaware County, Delaware County Board of Prison Inspectors, Charles

Sexton and George W. Hill, (hereinafter "moving Defendants" or "Delaware County

Defendants") by and through their attorneys, Robert M. DiOrio, Esquire and Kathleen E.

Mahoney, Esquire hereby move this Honorable Court to grant summary judgment in favor of

Defendants and in support thereof aver as follows:

1.    Moving Defendants submit this Motion for Summary Judgment and accompanying

Memorandum in conjunction with the Motion for Summary Judgment and Memorandum

submitted by Defendants Wackenhut Corrections Corporation, et al. (hereinafter "the Wackenhut

Defendants" or "Wackenhut").  Moving Defendants adopt and join in all averments of fact and

legal arguments set forth by the Wackenhut Defendants therein, and incorporate by reference the

Wackenhut Defendants' Motion for Summary Judgment and Memorandum as if set forth at

length herein.  In the interest of judicial economy and to avoid redundancy, moving Defendants

will not restate all facts and arguments set forth by the Wackenhut Defendants herein, but

respectfully request that this Honorable Court review the within Motion and Memorandum in

conjunction with the Motion and Memorandum of the Wackenhut Defendants.

2.    Plaintiff has brought suit in the instant matter against the County of Delaware,

Delaware County Board of Prison Inspectors, Charles P. Sexton, Jr. and George W. Hill under

42 U.S.C. § 1983 arising from an incident which occurred at the George W. Hill Correctional Facility on May 28, 2000 wherein Plaintiff fell, striking his head, which resulted in ten day period of hospitalization.  Plaintiff alleges he received inadequate medical treatment at the George W. Hill Correctional Facility which caused him to sustain his alleged injuries.  In addition to Plaintiff's civil rights claims, he also asserts pendent state tort claims for negligence and intentional infliction of emotional distress.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

     3.   Moving Defendants file the instant Motion for Summary Judgment because Plaintiff can produce no evidence to demonstrate liability against them under any theory asserted in his Complaint, nor are there any material facts in dispute in this regard.

     4.   Accordingly, for reasons contained within the attached Memorandum of Law and the Motion and Memorandum of the Wackenhut Defendants, moving Defendants are entitled to judgment as a matter of law with regard to Plaintiff's claims against them.

     5.   Since moving Defendants contend that there is no evidence against them and that there is no material fact in dispute they respectfully request oral argument and/or the opportunity to file a reply brief should Plaintiff supply evidence of either in his response to this Motion.

**WHEREFORE**, moving Defendants, Delaware County, Delaware County Board of Prison Inspectors, Charles P. Sexton, Jr. and George W. Hill respectfully request that this Honorable Court grant summary judgment in their favor as a matter of law.

Respectfully submitted:

**DIORIO AND SERENI, LLP**

Date: <u>March 19, 2004</u>             BY: _____

**ROBERT M. DIORIO**
I.D. No.: 17838

BY:   <u>KM1316</u>_____

**KATHLEEN E. MAHONEY**
I.D. No.: 77873
Front & Plum Streets
Media, Pa.  19063
(610) 565-5700
Attorneys for Defendants Delaware County, Delaware County Board of Prison Inspectors, George W. Hill and Charles P. Sexton, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR JACKSON, III** | : | **NO. 02-3230** |
| **V.** | : | **CIVIL ACTION** |
| **DELAWARE COUNTY ET AL** | : | **JURY TRIAL REQUESTED** |

<u>**DEFENDANTS, DELAWARE COUNTY, DELAWARE COUNTY
BOARD OF PRISON INSPECTORS, CHARLES P. SEXTON, JR. AND
GEORGE W. HILL'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**</u>

Defendants, Delaware County, Delaware County Board of Prison Inspectors, Charles Sexton and George W. Hill (hereinafter "The Delaware County Defendants"), by and through their attorneys, Robert M. DiOrio, Esquire and Kathleen E. Mahoney, Esquire hereby submit this Memorandum of Law in support of their Motion for Summary Judgment and in support thereof state the following:

**I    FACTS**

Moving Defendants hereby join in and adopt the facts as set forth by the Wackenhut Corrections Corporation, et al. (hereinafter "Wackenhut" or "the Wackenhut Defendants") in their Motion for Summary Judgment and Memorandum of Law in support thereof.

In addition to the facts set forth by the Wackenhut Defendants, moving Defendants assert that The George W. Hill Correctional Facility is managed and operated by the Wackenhut Defendants pursuant to a contract with the Delaware County Board of Prison Inspectors dated August 31, 1995.  A true and correct copy of the Contract and amendments thereto is attached hereto as **Exhibit "B."**

Under the terms of the Contract, Defendant Wackenhut Corrections Corporation is

responsible for managing the day to day operations of the prison, including the provision of

medical care services.  Paragraph 4.2.8 of said contract provides:

> Provider shall provide the full range of required health care,
> including medical, dental, mental health, pharmaceutical, and
> record keeping, as necessary to meet all applicable Standards,
> including the requirements of the National Commission on
> Correctional Health Care's Standards for Health Services in Jails
> (1993) ("NCCHC") and the Minimum Health Care Services set
> forth in the Service Plan.

See, Exhibit "B," Paragraph 4.2.8.

The Delaware County Board of Prison Inspectors has appointed Superintendent George

W. Hill to monitor the Wackenhut Defendants to ensure the requirements of the contract are

properly carried out .  **See, deposition of George W. Hill, 12/18/03, pp. 5 - 6, 33 - 34, attached**

**hereto as Exhibit "C"; deposition of  Charles P. Sexton, Jr., 12/22/03, p. 10., Exhibit " D ."**

None of the County Defendants are involved with or participate in the hiring of

Wackenhut employees, as that function is left solely to the discretion of Wackenhut.  **See,**

**deposition of Charles P. Sexton, Jr. p. 34.**  Further, neither the Delaware County Board of

Prison Inspectors nor Delaware County are involved in the provision of medical care services to

inmates.  **See, Paragraph 4.2.8 of Contract, attached hereto as Exhibit " B;" Deposition of**

**George W. Hill, 12/18/03, p. 35.**   Moreover, prison policies regarding the provision of medical

care, the weekender program, and any other policies regarding the day to day operations of the

prison are developed and implemented solely by The Wackenhut Defendants.  **See, deposition of**

**George W. Hill, 12/18/03, pp. 18, 28; deposition of Charles P. Sexton, Jr., 12/22/03, pp. 11**.

Finally, at no time relevant hereto did any of the Delaware County Defendants, either

collectively or individually, render any medical services to the Plaintiff.  Neither Charles P.

Sexton, Jr. nor George W. Hill had any personal knowledge of the Plaintiff or of the incident

giving rise to this litigation until being served with the instant law suit. **See, deposition of George W. Hill, 12/18/03, pp. 12 – 13; deposition of Charles P. Sexton, p 15.**


## II    SUMMARY JUDGMENT STANDARD

Moving Defendants hereby join in and adopt the law and argument regarding the standard for summary judgment in federal court as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof.


## III    LEGAL ARGUMENT

### A    *PLAINTIFF HAS NOT PROVEN WITH SUBSTANTIAL EVIDENCE THAT DEFENDANTS WERE DELIBERATELY INDIFFERENT TO PLAINTIFF'S SERIOUS MEDICAL NEEDS AS REQUIRED BY 42 U.S.C. § 1983*

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to prove with substantial evidence that Defendants' were deliberately indifferent to Plaintiff's serious medical needs as required by 42 U.S.C. Section 1983.

In addition to the law and argument set forth by the Wackenhut Defendants, none of the County Defendants provided any medical services to the Plaintiff, and therefore, were not deliberately indifferent to a serious medical need.

In order to demonstrate an Eighth Amendment claim based on the alleged denial of adequate medical care, the Plaintiff must show that the Delaware County Defendants acted with deliberate, subjective indifference to his serious medical needs and that the deprivation was sufficiently serious to warrant constitutional protection. *Young v. Quinlan*, 960 F.2d 351, 359-

360 (3d Cir. 1992). Deliberate indifference describes a state of mind which is more blame-worthy than negligence and Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." ***Whitley v. Albers***, 475 U.S. 312, 391, 89 L.Ed.2d 251, 106 S.Ct 1078 (1986).

Instantly, Plaintiff has failed to allege how, if at all, any of the Delaware County Defendants acted with deliberate indifference to his serious medical needs. Accordingly, Plaintiff's § 1983 claims must be dismissed as to the County Defendants.


**B**      ***DEFENDANTS' MEDICAL DECISIONS REGARDING ARTHUR JACKSON CANNOT BE THE BASIS FOR A CLAIM UNDER 42 U.S.C. § 1983.***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Defendants' medical decisions regarding Arthur Jackson cannot be the basis for a claim under 42 U.S.C. Section 1983.


**C**      ***PLAINTIFF HAS FAILED TO PROVIDE SUBSTANTIAL EVIDENCE THAT DEFENDANTS POSSESSED SUBJECTIVE KNOWLEDGE THAT A TWO DAY DEPRIVATION OF MEDICATION WAS CAUSING OR WOULD CAUSE HARM OR THAT PLAINTIFF HAD INDEPENDENTLY DECIDED TO STOP TAKING HIS MEDICATION***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to provide substantial evidence that Defendants possessed subjective knowledge that a two day deprivation of medication was causing or would cause harm or that Plaintiff had independently decided to stop taking his medication.

**D**    ***PLAINTIFF HAS NOT PRODUCED ANY SUBSTANTIAL EVIDENCE THAT PLAINTIFF'S ACCIDENT WAS CAUSED BY A SUDDEN WITHDRAWAL OF MEDICATION OR LACK OF INSULIN***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to produce any substantial evidence that Plaintiff's accident was caused by a sudden withdrawal of medication or lack of insulin.

In addition to the law and argument set forth by the Wackenhut Defendants, moving Defendants assert that according to the expert report of Marc Sageman, M.D., Ph.D., if Plaintiff had taken Klonopin two days prior to the incident at prison, there would still have been traces of benzodiazepines in his urine, given the high dose he was prescribed.  ***See, Expert report of Marc Sageman, Ph.D., M.D. dated 2/19/04, p. 16, attached hereto as Exhibit*** **"E."**  The fact that Plaintiff did not have any traces of benzodiazepine in his blood at the time of his admission to Crozer-Chester Medical Center on the evening of May 28, 2000 is compelling evidence that he discontinued taking his prescribed Klonopin at least days before his incarceration.  This fact has not been disputed by any of Plaintiff's expert witnesses in this case.

**E**    ***PLAINTIFF HAS NOT ALLEGED OR CHALLENGED THAT ANY POLICY OR CUSTOM OF THE PRISON WAS THE MOVING FORCE OF A CONSTITUTIONAL VIOLATION***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to allege or prove that any policy or custom of the prison was the moving force of a constitutional violation.

*Moreover, moving Defendants are not liable to Plaintiff, as a matter of law, as there is no policy or custom attributable to them regarding the provision of medical services to inmates, other than the contract between the moving Defendants and Wackenhut.*

1.   *Defendants Charles P. Sexton, Jr. and George W. Hill cannot be held liable on Plaintiff's Section 1983 claims.*

Plaintiff's claims against Charles P. Sexton, Jr. and George W. Hill are brought pursuant to their roles as Chairman of the Delaware County Board of Prison Inspectors and Superintendent of the George W. Hill Correctional Facility, respectively.  At the conclusion of extensive discovery, Plaintiff has not proven, nor can he prove, that either of these Defendants had any personal involvement in any of the activities alleged to have resulted in a violation of Plaintiff's constitutional rights.        A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights.  *Little v. Lycoming County*, 912 F.Supp. 809 (1996), *citing, Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).  A defendant cannot be held liable under Section 1983 unless he caused or participated in an alleged violation of constitutional rights.  Section 1983 cannot be based upon respondeat superior.  *Lycoming County,* 921 F.Supp. at 821*, citing Wolf-Lillie v. Sonquist*, 669 F.2d 864, 869 (7th Cir. 1983) (Plaintiff could not recover against prison warden for alleged eighth amendment violations, since it was unlikely that he participated in day-to-day decisions leading to the alleged delay in Plaintiff's receiving treatment); and *Ford v. Lane*, 714 F.Supp. 310, 315-316 (N.D.Ill. 1989)(Prison warden and director of Department of Corrections could not be held responsible based on their supervisory positions for medical care alleged to be inadequate).

Charles P. Sexton, Jr. and George W. Hill have no control over the day-to-day operations

or management of the prison. They do not participate in the hiring, training, supervision or management of Wackenhut employees, and are not involved with the establishment or implementation of policies or customs relating to prison management and operations. George W. Hill's role as Superintendent is merely to monitor Wackenhut to ensure that Wackenhut is performing properly pursuant to the terms of the Contract, while Charles P. Sexton's role as Chairman of the Delaware County Board of Prison Inspectors is to conduct monthly meetings and inspections at the prison. Neither of these Defendants were involved in any way whatsoever with the acts and/or omissions which are alleged to give rise to the instant action. Moreover, neither of these Defendants had any personal knowledge of the Plaintiff or the facts giving rise to this case until being served with the Complaint.

Accordingly, Plaintiff's § 1983 claims with respect to Defendants Charles P. Sexton, Jr. and George W. Hill should be dismissed with prejudice.

**2.     *Defendants Charles P. Sexton, Jr. and George W. Hill, in their individual capacities, are entitled to qualified immunity on Plaintiff's § 1983 claims.***

Should this Honorable Court decide that sufficient evidence exists of Plaintiff's claims under Section 1983, Defendants Charles P. Sexton, Jr. and George W. Hill are protected from liability, in their individual capacities, by the doctrine of qualified immunity. ***See, e.g. Sutton v. Rasheed***, 323 F.3d 236 (3d Cir. 2003), ***citing, Wilson v. Layne***, 526 U.S. 603 (1999). A government official sued individually for monetary relief is entitled to qualified immunity if his acts were objectively reasonable and did not violate legal norms that were clearly established at the time of the challenged actions. ***Id.; See, Kentucky v. Graham***, 473 U.S. at 166-167, ***Harlow v. Fitzgerald***, 457 U.S. 800, 819 (1982). As to objective reasonableness, qualified immunity "gives ample room for mistaken judgments." ***Malley v. Briggs***, 475 U.S. 335, 343 (1986). For a right to be "clearly established," the 'contours of the right must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right." ***Anderson v. Creighton***, 483 U.S. at 640.

Instantly, Defendants Charles P. Sexton, Jr. and George W. Hill are entitled to qualified immunity.  The extensive discovery in this case reveals that at all times relevant hereto, each Defendant faithfully and properly carried his respective duties and responsibilities with respect to the George W. Hill Correctional Facility.  Defendant Sexton faithfully conducted monthly meetings and inspections of the prison, while Defendant Hill monitored Wackenhut's performance of the Contract.  Neither Defendant participated in the hiring, training, supervision or day-to-day management of Wackenhut employees.  Further, neither Defendant developed, adopted or implemented policies with respect to day-to-day management of the prison.  Finally, neither Defendant was personally aware of Plaintiff's incident until being served with the within lawsuit which demonstrates their lack of knowledge of or acquiescence in any of the conduct alleged in Plaintiff's Complaint.


### 3.   Defendants, the Delaware County Board of Prison Inspectors and Delaware County, and George W. Hill and Charles P. Sexton, Jr. in their official capacities, cannot be held liable under § 1983, as they did not cause or participate in an alleged violation of constitutional rights

A governmental entity cannot be held liable under Section 1983 unless it caused or participated in an alleged violation of constitutional rights.  ***Monell v. New York City Department of Social Services***, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Respondeat superior or vicarious liability will not attach under Section 1983... "It is only when the execution of the government's policy or custom...inflicts the injury that the municipality may be held liable under Section 1983.  ***City of Canton v. Harris***, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.@d 412 (1989), ***citing, Springfield v. Kibbe***, 480 U.S. 257, 107 S.Ct. 1114, 94 L.Ed.2d

(1987) (O'Conner, J., dissenting); *See also, Little v. Lycoming County,* 912 F.Supp. 809 (M.D.

Pa. 1996); *Cannon v. City of Philadelphia,* 86 F.Supp.2d 460 (E.D. Pa. 2000).

Instantly, Plaintiff has not presented any evidence that demonstrates that his alleged harm

was caused by a policy or custom of any of the moving Defendants.  None of the moving

Defendants participated in the development or implementation of any policy or custom regarding

the provision of medical care to inmates at the George W. Hill Correctional Facility.  The only

arguable policies or customs attributable to these Defendants relevant to the instant case are that

these Defendants contracted with Wackenhut to provide adequate medical services to inmates at

the George W. Hill Correctional Facility pursuant to Paragraph 4.2.8 of the Contract (Exhibit

"B").  As a matter of law, there is no evidence from which liability could be imposed against the

moving Defendants under Section 1983.

Accordingly, summary judgment should be granted in favor of Defendants, Delaware

County Board of Prison Inspectors and Delaware County and Charles P. Sexton, Jr. and George

W. Hill in their official capacities, with regard to Plaintiff's Section 1983 claims.

**F**      ***NO DENIAL OF MEDICATION HAS BEEN ESTABLISHED BY PLAINTIFF***

Moving Defendants hereby join in and adopt law and argument as set forth in the

Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support

thereof regarding Plaintiff's failure to establish denial of medication.

**G**      ***NO DUTY WAS BREACHED AND NO CAUSATION HAS BEEN ESTABLISHED REGARDING PLAINTIFF'S NEGLIGENCE CLAIM, AND AS AN AFFIRMATIVE DEFENSE, PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to a breach of duty and causation regarding Plaintiff's negligence claim and further, with respect to Plaintiff's contributory negligence.

**H    *MOVING DEFENDANTS ARE IMMUNE FROM SUIT PURSUANT TO 42 PA.C.S.A. § 8541 REGARDING PLAINTIFF'S PENDENT STATE TORT CLAIMS OF NEGLIGENCE***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding immunity pursuant to 42 Pa.C.S.A. § 8541, et seq.

***Further, moving Defendants are indisputably governmental entities for purposes of the Political Subdivision Tort Claims Act (PSTCA), and as such enjoy immunity pursuant thereto. 42 Pa.C.S.A. § 8541.***

There are eight recognized exceptions to the immunity afforded under the PSTCA as follows:

    (1)    vehicle liability;

    (2)    care, custody or control of personal property;

    (3)    care, custody or control of real property;

    (4)    dangerous conditions of trees, traffic signs, lights or other traffic controls, streets lights or street lighting systems under the care, custody or control of the local agency;

    (5)    a dangerous condition of utility service facilities owned by the local agency;

    (6)    a dangerous condition of utility streets owned by the local agency;

    (7)    a dangerous condition of sidewalks owned by the local agency; and

(8)    the care, custody and control of animals.

42. Pa.C.S.A. § 8542.

Obviously, Plaintiff's claim for negligence does not fit within any of the eight enumerated exceptions to immunity (which, incidentally, are to be narrowly construed) , and therefore, Counts III and V of Plaintiff's Complaint must be dismissed with prejudice as to moving Defendants.

Moreover, with regard to Plaintiff's contributory negligence, Plaintiff admitted to continued consumption of alcohol during the period of time he was serving his weekend sentence. **See, Plaintiff's deposition transcript of 3/12/03, pp. 44, lines 2 - 8, attached hereto as Exhibit "F."**

**Q: "Were you drinking – I mean consuming alcohol – during the period you were serving your weekend sentences?"**

**A:   "That was 2000.  Yes, I was still.  Yes, I was."**

By consuming alcohol during his furloughs knowing the consequences of alcohol consumption in relation to his various medical conditions, Plaintiff was contributorily negligent as a matter of law.

**I    *PLAINTIFF FAILS TO STATE A CLAIM AGAINST MOVING DEFENDANTS UNDER A "STATE CREATED DANGER THEORY"***

Moving Defendants hereby join in and adopt law and argument as set forth in the Wackenhut Defendants' Motion for Summary Judgment and Memorandum of Law in support thereof regarding Plaintiff's failure to state a claim against Defendants under a "state created danger theory."

Additionally, moving Defendants, like the Wackenhut Defendants, certainly could not

have foreseen that Mr. Jackson would fail to bring his medications with him to prison, or that he had unilaterally decided to discontinue the administration of his medications while on furlough from his weekend sentences.  Moving Defendants also could not foresee that Plaintiff would continue to consume alcohol during his furloughs, as admitted by him.

Under the test for liability set forth in <u>Kneipp v. Tedder</u>, 95 F.3d 1199 (3d Cir. 1996), there is no evidence whatsoever that any of the moving Defendants created or intentionally disregarded a danger which could result in the types of injuries allegedly suffered by the Plaintiff.  Accordingly, Count IV of Plaintiff's Complaint should be dismissed with prejudice as to moving Defendants.


**J       *PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED***

Count V of Plaintiff's Complaint purports to state a claim against all Defendants for Intentional Infliction of Emotional Distress.  All Defendants (Wackenhut Defendants and County Defendants) move for summary judgment as to this count of Plaintiff's Complaint.

As this Honorable Court recently noted in ***Valentino C. v. School District of Philadelphia***, 2004 WL 225038 (E.D.Pa. February 03, 2004), to state a claim for intentional infliction of emotional distress, Plaintiff must establish four elements:

(a)      the conduct of the defendant must be intentional or reckless;

(b)      the conduct must be extreme and outrageous;

(c)      the conduct must cause emotional distress; and

(d)      the distress must be severe.

See, ***Chuy v. Philadelphia Eagles Football Club***, 595 F.2d 1265 (3d Cir. 1979); ***Hitchens v. County of Montgomery***, No. 01-2564, 2002 U.S. Dist. LEXIS 2050 (E.D. Pa. Feb.

11, 2002).  Moreover, "only the most egregious conduct will be a sufficient basis for the tort" of

IIED.  ***Patterson v. School District of Philadelphia***, No. 99-4792, 2000 WL 1020332 (E.D.Pa.

July 19, 2000).  "The conduct must be so outrageous in character, and so extreme in degree, as to

go beyond all possible bounds of decency, and to be regarded as atrocious, utterly intolerable in

a civilized society."  ***Sostarecz v. Misko***, No. 97-2112, 1999 WL 239401 (E.D.Pa. Mar. 26,

1999) (quoting ***Buczek v. First National Bank of Mifflintown***, 366 Pa.Super. 551, 531 A.2d

1122 (Pa.Super. 1987).  In Pennsylvania, recovery under IIED has generally been reserved for

only the most abominable cases.  See, ***Chuy***, 595 F.2d 1265.

Even taking the facts of this case in the light most favorable to the Plaintiff, the

allegations of moving Defendants' wrongdoings, even if true (which moving Defendants do not

concede), simply do not rise to the level of "extreme and outrageous" conduct sufficient to

sustain Plaintiff's claim for IIED.

Further, Plaintiff has not demonstrated any cognizable severe distress as a result of the

alleged conduct of any of the Defendants.  As demonstrated by his deposition testimony,

Plaintiff alleges that as a result of the incident of May 28, 2000, he suffers from memory

problems, vertigo, ringing in ears, dizziness, headaches, erectile dysfunction and an increase for

depression  See, Deposition of Plaintiff dated 3/12/03 pp. 6 – 9 , attached hereto as Exhibit "G."

However, a close scrutiny of Plaintiff's medical records, as set forth in Dr. Sageman's

report reveals that Plaintiff suffered from many if not all of these ailments for a prolonged period

of time prior to the date of loss in the instant case. ***See, Report of Marc Sageman, M.D., Ph.D.,***

***attached hereto as Exhibit " E," pp. 16 - 19.***  In 1996, Plaintiff applied for Social Security

Disability benefits.  On a daily activities questionaire dated 9/22/96, Plaintiff, in his own

handwriting, reported he suffered from major depression, had to be reminding to change his

clothes daily and bathe, and suffered from "anger, confusion and rage." He also reported

forgetfulness and lack of concentration in this report. ***See, Plaintiff's Daily Activities***

***Questionaire, attached hereto as Exhibit "H."***

Given that Plaintiff has reported these problems for over 6 years, it is impossible to

conclude that Plaintiff has suffered severe distress as a result of this incident. Therefore, County

V of Plaintiff's Complaint should be dismissed with prejudice.


**K**     ***CONCLUSION***

Plaintiff fails, as a matter of law, to state a claim against Moving Defendants under

Section 1983, under a "state created danger" theory, or under a theory of negligence or

intentional infliction of emotional distress.

As stated in the Wackenhut Defendants' Memorandum of Law in support of their Motion

for Summary Judgment, a non-movant's evidence in opposing summary judgment must be

"substantial". The evidence presented by the non-moving party must be sufficient to withstand a

Motion for a Directed Verdict and support the verdict of a reasonable jury.

Instantly, the record is void of any facts which demonstrate that Defendants Charles P.

Sexton, Jr., George W. Hill, Delaware County Board of Prison Inspectors or Delaware County

had any involvement in or personal knowledge of any of the facts which Plaintiff alleges gives

rise to his claims.

Accordingly, summary judgment is appropriate.

**WHEREFORE,** moving Defendants, Delaware County, Delaware County Board of Prison Inspectors, George W. Hill and Charles P. Sexton, Jr., respectfully request that this Honorable Court grant their Motion for Summary Judgment and dismiss all counts of Plaintiff's Complaint with prejudice.

Respectfully submitted:

**DIORIO AND SERENI, LLP**

Date: <u>**March 19, 2004**</u>                    BY:    _____

**ROBERT M. DIORIO**
I.D. No.: 17838

BY:    _KM1316_____

**KATHLEEN E. MAHONEY**
I.D. No.: 77873
Front & Plum Streets
Media, Pa.  19063
(610) 565-5700
Attorneys for Defendants Delaware County, Delaware County Board of Prison Inspectors, George W. Hill and Charles P. Sexton, Jr.

## AFFIDAVIT

I, Kathleen E. Mahoney, swear and affirm that all portions of the deposition transcripts, documents and expert reports attached as exhibits to this Motion for Summary Judgment are true and correct copies of these documents and that these have been produced and exchanged between moving counsel and non-moving counsel throughout the discovery process.

                                    **KM 1316**
                                    **KATHLEEN E. MAHONEY**

**Date:** <u>**March 19, 2004**</u>

## CERTIFICATE OF SERVICE

We, Robert M. DiOrio, Esquire, and Kathleen E. Mahoney, Esquire hereby certify that a true and correct copy of the foregoing Defendants Charles P. Sexton, Jr., George W. Hill, Delaware County and Delaware County Board of Prison Inspectors' Motion for Summary Judgment and accompanying Memorandum of Law was served on the date below by United States First Class Mail, postage prepaid:

> Derrick Howard, Esquire
> John Rollins, Esquire
> **HOWARD ROLLINS, LLC**
> 262 South 12th Street
> Philadelphia, PA 19107
>
> David F. White, Esquire
> **KELLY, McLAUGHLIN, & FOSTER**
> 620 W. Germantown Pike
> Suite 350
> Plymouth Meeting, PA 19462
>
> William C. Reil, Esquire
> 42 S. 15th Street
> Philadelphia, PA 19102


**DIORIO AND SERENI, LLP**


**Date: March 19, 2004**        BY: _____

                                **ROBERT M. DIORIO**
                                I.D. No.: 17838

                        BY:  KM1316 _____

                                **KATHLEEN E. MAHONEY**
                                I.D. No.: 77873
                                Front & Plum Streets
                                Media, Pa. 19063
                                (610) 565-5700
                                Attorneys for Defendants Delaware County,
                                Delaware County Board of Prison
                                Inspectors, George W. Hill and Charles P.
                                Sexton, Jr.