IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON III | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| vs. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| DELAWARE COUNTY PRISON, ET AL | : | CIVIL ACTION NO. 02-3230 |
| | : | |
| | : | JURY TRIAL DEMANDED |

## ORDER

AND NOW, this        day of           , 2004, upon consideration of defendants motion to preclude plaintiff's experts, Daniel Gzesh, M.D. and Lee Silverman, M.D.'s reports and testimony for failure to attend depositions, and the reply of plaintiff hereto, it is hereby ORDERED and DECREED that defendant's motion is dismissed.

                                                                BY THE COURT

                                                                _____
                                                                                                    J.

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
210 Robinson Building
42 South 15th Street
Philadelphia, PA 19102
(215) 564-1635                                              ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| ARTHUR JACKSON III | : | UNITED STATES DISTRICT |
| | : | COURT FOR THE EASTERN |
| vs. | : | DISTRICT OF PENNSYLVANIA |
| | : | |
| DELAWARE COUNTY PRISON, ET AL | : | CIVIL ACTION NO. 02-3230 |
| | : | |
| | : | JURY TRIAL DEMANDED |

**ANSWER OF PLAINTIFF TO DEFENDANTS WACKENHUT CORRECTIONS CORPORATIONS AND, THE WACKENHUT CORPORATIONS MOTION TO PRECLUDE PLAINTIFF'S EXPERTS DANIEL GZESH, M.D. AND LEE SILVERMAN, M.D.'S REPORTS AND TESTIMONY FOR FAILURE TO ATTEND DEPOSITIONS**

Plaintiff, Arthur Jackson, III, through his undersigned counsel, submits the following answer in response to defendants' motion (joined in by all defendants), and in support thereof, it is averred as follows:

1. Admitted. A true and correct copy of the Order is attached and incorporated as exhibit "A".

2. Denied. It is noted that defendants had expert reports for Dr. Gzesh and Dr. Silverman for over a year. The report of Dr. Gzesh on March 5, 2004 was a supplementary report.

3. Denied as stated. It is admitted that the discovery deadline, as per the Court's Order, was March 5, 2004 and the Court has granted several extensions to the parties. **It is noted that defendants did not request the Court to extend the March 5, 2004 deadline, did not ask for a discovery conference, nor have**

       **defendants ever proffered to Dr. Gzesh or Dr. Silverman fees for their depositions, or stated that they would pay expert deposition fees. Defendants simply noticed depositions at their office on the last day of the expert discovery period for these two expert physicians, without clearing dates with them, and expected the doctors to present themselves without compensation. It is noted that defendants have failed to pay for depositions as directed by the previous Order of the Court. Plaintiff's counsel indicated to defendants that they should be prepared to pay in advance for expert deposition fees. Indeed, defendants sent to plaintiff a letter dated 2/23/04 indicating that defendants' expert witness needed an advance payment of $2,500 to attend deposition. A true and correct copy of this letter is attached and incorporated as exhibit "B". Federal Rule of Civil Procedure 26(b)(4)(C) states in pertinent part: "The court shall require the party seeking discovery to pay the expert a reasonable fee." Defendants ignored this proviso, and failed to cite it in their motion.**

4.     Admitted. It is admitted that these are true and correct copies of correspondence. Plaintiff's counsel sent this correspondence to the defendants requesting that they proffer expert fees. A true and correct copy of this correspondence is attached and incorporated as exhibit "C".

5.     Admitted. It is admitted that this letter is sent as indicated. By way of further response, it is noted that defendants sent a letter to plaintiff dated 2/23/04 indicating that the fee for defendants' expert for deposition was $2,500, payable in advance. See exhibit "B".

6.  Denied as stated. Undersigned counsel indicated to defendants that they were free to notice deposition of the experts, after they proffered expert fees. Defendants never attempted to proffer these fees. Undersigned counsel made several phone calls to Dr. Gzesh and Dr. Silverman about this matter. Neither Dr. Gzesh nor Dr. Silverman was available on the date indicated for defendants' depositions.

7.  Admitted. It is admitted that these documents were sent. By way of further response, FRCP 26(b)(4)(C) discusses fees for expert deposition.

8.  Admitted. It is noted that defendants made no proffer of expert fees or to pay the reasonable costs of the experts. Defendants did not request an extension of the discovery deadline or a discovery conference with the Court.

9.  Admitted. It is admitted that the correspondence was received.

10. Admitted on information and belief. Plaintiff incorporates his prior answer indicating that defendant did not proffer expert fees.

11. Denied. There was no ample notice to depose these experts given the experts' schedule. Defendants did not subpoena the deponents, file a motion to compel deposition, request a discovery conference with the Court, or offer alternative deposition dates.

12. Denied as stated. Plaintiff incorporates his prior answer and notes that defendants never proffered and expert deposition fees, applied to the Court for an extension of the discovery deadline, or asked plaintiff to stipulate to an extension of the discovery deadline. Defendants move to strike plaintiff's expert reports, which would be tantamount to a dismissal of the case. This would be a particularly

draconian sanction, where defendants have not filed a motion to compel depositions or to extend the discovery deadline.

13. Denied.  Plaintiff incorporates his answer to paragraph 12.

14. Denied.  Plaintiff incorporates his prior answers.

15. Denied. Plaintiff incorporates his prior answers.

16. Denied as stated.  Plaintiff incorporates herein answer to paragraph 15.

17. Denied.  Plaintiff believes that defendants have failed to exercise good faith in this matter as previously indicated.

18. Denied as stated.  Plaintiff's counsel made several calls to the experts as previously stated.

19. Denied as stated.  Plaintiff incorporates his previous responses.

20. Denied as stated.  The burden to seek an extension or teleconference with the Court was on defendants.

21. Denied as stated.  Plaintiff incorporates his prior answers as fully set herein.

22. Denied as stated.  Plaintiff incorporates his prior answers as fully set herein.

23. Denied as stated. Same as paragraph 22.

WHEREFORE, the Court is requested to dismiss defendants' motion.

Respectfully Submitted,

Date: _____

_____
William C. Reil, Esquire
Attorney for Plaintiff