IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| | : | |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

**DEFENDANTS WACKENHUT CORRECTIONS CORPORATION, THE WACKENHUT CORPORATION, JAMES JANECKA, DEBORAH PERRETTA, MARGARET CARRILLO, M.D., DR. FREDERICK, DR. HOLLAND HULL, MERIAM BYRD AND CAROL SNELL'S PRE-TRIAL MEMORANDUM**

I.   A BRIEF STATEMENT OF THE NATURE OF THE ACTION

This matter concerns a slip and fall accident that occurred on the grounds of the George W. Hill Correctional Facility in Delaware County, Pennsylvania on May 28, 2000. Plaintiff has brought claims against all defendants in the nature of 42 U.S.C.A. § 1983 violations and pending state tort claims of a breach of duty to provide reasonable healthcare and reasonable access to

353792-1

healthcare, negligence, and intentional infliction of emotional distress. The jurisdiction of the Court is invoked by virtue of the Federal statutory claim and the protections afforded by the U.S. Constitution.

## II.     DEFENDANTS COUNTERSTATEMENT OF THE FACTS

Plaintiff Arthur Jackson was not deprived of his medications by the prison staff at the George W. Hill Correctional Facility during his incarceration during weekends in February – May, 2000. On the contrary, Mr. Jackson had decided, on his own accord, to stop bringing the two day's worth of medications that he was on notice to bring with him each weekend. Mr. Jackson's allegation that he stopped bringing his medication because, on one weekend, he was told at discharge that the prison had "lost" his medication is entirely without substantiation.

As the "weekender" inmates were to bring only the medications needed for the forty-eight (48) hours they would be incarcerated, there would have been no medication to lose because Mr. Jackson would have been administered the entire amount of medication he had brought to the prison.

Mr. Jackson, despite being incarcerated as a "weekender" for a DUI conviction, was admittedly drinking during his weekdays of "furlough" time between his weekends of incarceration. During several weekends, Mr. Jackson arrived at the prison in an obviously inebriated state and was sent up to the main prison to serve that particular weekend.

Mr. Jackson was a chronic alcoholic. Mr. Jackson's complaints of "sweating, shaking, inability to focus his eyes, not being able to walk straight and constant vomiting…" was deemed a result of alcohol withdrawal by the prison medical personnel and was treated accordingly. Several of his medications, most notably the benzodiazapenes, were contraindicated with alcohol and were withheld on those weekends when Mr. Jackson arrived inebriated.

Mr. Jackson was well aware that it was his responsibility to arrive at the prison each successive weekend with those medications he would be taking for the forty-eight hours he was incarcerated. His voluntary decision to stop bringing his medications was the reason he did not receive them, not because of any policy of action of the prison designed to deprive him of his medications. A notable exception to the directive to have weekend prisoners bring their own medications was the provision of insulin to diabetic inmates due to its injectable nature.

Mr. Jackson not only stopped bringing his medications to the prison, but voluntarily stopped taking the benzodiazapene (Klonopin) he was prescribed for some time prior to his accident. At Crozer-Chester Hospital on the night of his accident, blood tests reveal no trace of benzodizapene in his system. This medication has a lengthy half life and traces would be present in his system for weeks after cessation.

Mr. Jackson also admitted to attempting to flush his system with water after stopping drinking late in the week immediately prior to the weekends he was required to report to the prison. At Crozer-Chester Hospital on the night of his accident, his salt level was dangerously low and he was diagnosed with a resulting condition – hyponatremia. According to medical literature, hyponatremia can cause seizures and loss of consciousness. Hyponatremia can be caused by ingesting large amounts of water.

Defendants were not in control of Mr. Jackson or his actions during his weekdays of "furlough" time, and Mr. Jackson's continuous abuse of alcohol, non-compliance with medications and contraindication and his attempts to mask his alcohol abuse by flushing his system with water resulted in a compromise of his system that resulted in his alleged loss of consciousness and injuries.

### III. DAMAGES

(See Plaintiff's Memorandum)

Mr. Jackson has not been employed since 1991. Plaintiff's expert, Dr. Lee Silverman, was instrumental in establishing Mr. Jackson's total disability with the Social Security Administration, which was finally determined in 1998 after being challenged for several years.

### IV. DEFENDANT'S LIST OF WITNESSES TO BE CALLED AT TRIAL

List showing the names and addresses of all witnesses the party submitting the memorandum intends to call at trial.

1. Plaintiff, Arthur Jackson, III

2. Camilla McFadden (Plaintiff's wife)

3. Lee Silverman, M.D.
   Mercy Psychiatry Associates
   1503 Lansdowne Avenue
   Suite 3005
   Darby, PA  19023

4. Daniel J. Gzesh, M.D.
   Neurology Associates, LTD.
   1514 Wolf Street
   Philadelphia, PA  19145

5. Carol Armstrong
   4023 Howell Road
   Malvern, PA  19355

6. Andrew C. Verzilli (Plaintiff Expert)
   4096 Durham Road
   Ottsville, PA  18942

7. Andrew G. Verzilli (Plaintiff Expert)
   4096 Durham Road
   Ottsville, PA  18942

8. Betsy Bates (Plaintiff Expert)
   79 Fairview Road
   Elkton, MD  21921

9. James Menapace, M.D. (Defense Expert)
   341 E. Casals Place
   Ambler, PA.  19002

10. Marc Sageman, M.D., Ph.D. (Defense Expert)
    Society Hill Towers
    200 Locust Street
    Philadelphia, PA  19106

11. Deborah Perretta
    Plymouth Meeting, PA.

12. Victoria Gessner, M.D.
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

13. Meriam Byrd, R.N.
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

14. Carol Snell, R.N.
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

15. Cindy Heinly
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

353792-1

16. Robert Burgwald
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

17. Mark Smida
    Address to be supplied

18. Lt. Chad McCullough
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

19. Ernie Gratz
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

20. Sean Gardner
    123 N. Church Street
    Clifton Heights, PA

21. Anthony DiCave
    1934 Kings Highway
    Swedesboro, NJ  08085

22. Christa Snook
    1550 Old Highway 27
    #273
    Clewistown, Florida  33440

22. George W. Hill
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

23. Charles Sexton
    George W. Hill Correctional Facility
    P.O. Box 23-A
    Cheney Road
    Thornton, PA

353792-1

24. Margaret Carrillo, M.D.
    350 Trevor Lane
    P.O. Box 2224
    Bala Cynwyd, PA  19004

25. Lorraine Robertson
    715 S. Matlack Street
    West Chester, PA  19382

26. Gerry Gallagher
    (Address to be supplied)

27. Michael Vincent
    (Address to be supplied)

28. James Latin
    (Address to be supplied)

29. David Paschall
    (Address to be supplied)

30. James Paschall
    (Address to be supplied)

31. All witnesses listed by Plaintiff and co-defendants

V. **DEFENDANT'S LIST OF TRIAL EXHIBITS:**

1. Plaintiff's inmate records regarding 2000 DUI conviction

2. Plaintiff's inmate records regarding 1998 incarceration

3. Plaintiff's medical records from the George W. Hill Correctional Facility for 1998 and 2000 incarcerations

4. Plaintiff's records from prison housing database

5. Inmate housing report for Plaintiff

6. Plaintiff's Medication Administration Records from February – May, 2000

7. George W. Hill Correctional Facility Weekender Program Policy 1900.05

353792-1

8. Prison Monthly Unit Activity Log for 5/28/00 for Medical – Security Desk

9. Prison Monthly Unit Activity Log for 5/28/00 for DUI Unit

10. Records from Y & S Pharmacy Services, Inc.

11. WCC Food Service Department sample menu

12. WCC Health Services Policy and Procedure Manual (revised 2/1/96)

13. WCC Health Services Policy and Procedure Manual (revised 12/02)

14. Accreditation of American Correction Association dated 8/31/01

15. Accreditation of National Commission on Correctional Health Care dated 2/25/00

16. List of weekend inmates during weekends from February – May, 2000

17. WCC Policy No. 1100.02 (Menu Planning and Meal Service)

18. WCC policy No. 1100.02.1 (Meal Service)

19. Chart regarding Plaintiff's medical prescriptions

20. George W. Hill Correctional Facility shift rosters for February – May, 2000

21. Photocopies of checks regarding Plaintiff's prescription medications (2000)

22. Professional Services Contract between the Delaware County Board of Prison Inspectors and Wackenhut Corrections Corporation dated 8/31/95

23. Records from Crozer-Chester Medical Center/Crozer-Keystone Health System

24. Records from Celcus I. Ebba, M.D.

25. Records from Satish Marisiddaiah, DDS

26. Records from Michael Ryan, DDS

27. Records from Leonard Hirsh, M.D.

28. Records from Dr. Daniel Gzesh

29. Records from David Lee Silverman, M.D.

30. Records from Dr. Michael Stanley

31. Records from Dr. John Draganeseu

32. Records from Bryn Mawr Hospital

33. Records from Medicine Shoppe

34. Records from Beckett Apothecary

35. Records from CVS Pharmacy

36. Records from Riddle Memorial Hospital

37. Records from Prashant Mukerjee, M.D.

38. Records from Chester County Hospital

39. Records from Social Security Administration

40. Records from Delaware County Memorial Hospital - 1997

41. Curriculum Vitae of James F. Menapace, M.D.

42. Expert report of James F. Menapace, M.D. dated 5/27/03

43. Expert Report of James F. Menapace, M.D. dated 10/6/03

44. Expert Report of James F. Menapace, M.D. dated 2/9/04

45. Expert Report of James F. Menapace, M.D. dated 2/29/04

46. Internet article regarding Hyponatremia by Tom Brody

47. Curriculum Vitae of Marc Sageman, M.D., Ph.D.

48. Expert report of Marc Sageman, M.D., Ph. D. dated 6/6/03

49. Expert report of Mark Sageman, M.D., Ph. D. dated 2/19/04

50. Curriculum Vitae of Dan Jonathon Gzesh, M.D.

51. Expert Report of Dan Gzesh, M.D. dated 2/4/03

52. Curriculum Vitae of Lee Silverman, M.D.

53. Expert Report of Lee Silverman, M.D. dated 1/21/03

54. Expert Report of Lee Silverman, M.D. dated 2/2/04

55. Transcript of statement of counsel re: failure of Drs. Silverman and Gzesh to appear for depositions dated March 5, 2004

56. Deposition transcript of Arthur Jackson dated 2/20/03

57. Deposition transcript of Arthur Jackson dated 3/12/03

58. Deposition transcript of Camilla McFadden

59. Deposition transcript of Carol Snell

60. Deposition transcript of Dr. Victoria Gessner

61. Deposition transcript of Miriam Byrd

62. Deposition transcript of Cindy Heinley

63. Deposition transcript of Robert Burgwald

64. Deposition transcript of Mark Smida

65. Deposition transcript of Lt. Chard McCullough

66. Deposition transcript of Ernest W. Gratz

67. Deposition transcript of Sean Gardner

68. Deposition transcript of George W. Hill

69. Deposition transcript of Charles P. Sexton, Jr.

70. Deposition transcript of Deborah Perretta

71. Deposition transcript of James Janecka

72. Deposition transcript of Lorraine Robertson

73. Documents previously marked by Plaintiff's counsel as Exhibit Byrd – 12 for depositions

74. Three (3) VHS videotapes of Plaintiff's Independent Medical Examination with Marc Sageman, M.D., Ph.D.

353792-1

75. Any and all deposition transcripts taken between March 5, 2004 and the commencement of trial

76. Any and all exhibits reserved by Plaintiff

73. Deposition transcript of Miriam Byrd

74. Deposition transcript of Cindy Heinly

75. Deposition transcript of Robert Burgwald

76. Deposition transcript of Mark Smida

## VI.  LENGTH OF TRIAL

Trial in this matter is expected to last 3 – 4 weeks

## VII.  SPECIAL COMMENTS REGARDING LEGAL ISSUES

Defendants assert that Plaintiff has not met its burden of proof or persuasion to establish that any of the Defendants were deliberately indifferent to Plaintiff's serious medical needs as required under 42 U.S.C.A. § 1983.

In regard to the state tort claims, Defendants, as state actors performing an essential governmental function, are immune from suit pursuant to 42 Pa. C.S. § 1841 et.seq.

Plaintiff's contributory negligence in refusing to bring his medications to the prison, continuing to abuse alcohol, and attempting to flush his system of alcohol and causing a hyponatremic (low salt level) condition is well beyond the limit that would enable him to recover damages under Pennsylvania law.

Plaintiff's expert's opinions and testimony must be precluded pursuant to F.R.E. 702.

                **KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

                By: /s/ David F. White
David F. White
I.D. No. 55737
Kelly, McLaughlin, Foster, Bracaglia,
Daly, Trabucco & White, LLP
620 W. Germantown Pike
Plymouth Meeting, PA  19462
(610) 941-7900
Attorneys for Defendants,
Wackenhut Corrections Corporation,
The Wackenhut Corporation
And James Janecka, Deborah Perretta,
Margaret Carrillo, M.D., Dr. Frederick,
Dr. Holland Hull, Meriam Byrd and Carol Snell

353792-1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON, III | : | CIVIL ACTION |
| vs | : | |
| | : | |
| DELAWARE COUNTY; WACKENHUT CORRECTIONS CORPORATION C/O PRENTICE HALL CORP.; WACKENHUT CORPORATION; DELAWARE COUNTY BOARD OF PRISON INSPECTORS; CHARLES SEXTON, CHAIRMAN OF DELAWARE COUNTY BOARD OF PRISON INSPECTORS; GEORGE HILL, SUPERINTENDENT OF DELAWARE COUNTY PRISON (GEORGE W. HILL CORRECTIONAL FACILITY); JAMES JANECKA, WARDEN OF DELAWARE COUNTY PRISON; DEBORAH PERRETTA, HEALTH SERVICES ADMINISTRATOR OF DELAWARE COUNTY PRISON; MARGARET CARRILLO, M.D., DELAWARE COUNTY PRISON; DR. FREDERICK, DELAWARE COUNTY PRISON; DR. HOLLAND HULL, DELAWARE COUNTY PRISON; MERIAN BYRD, NURSE, DELAWARE COUNTY PRISON; CAROL SNELL, NURSE, DELAWARE COUNTY PRISON | : : : : : : : : : : : : : : : : : : : | NO. 02-3230 |

**CERTIFICATE OF SERVICE**

    I, David F. White, Esquire do hereby certify that a true copy of the Pre-Trial Memorandum has been served via U.S. Mail, First Class, postage prepaid, to the following at the addresses and on the date listed below:

    Derrick Howard
    John Rollins, Esquire
    HOWARD ROLLINS & JONES
    1319 South Broad Street
    Philadelphia, PA  19147

    Kathleen E. Mahoney, Esquire
    Robert M. DiOrio, Esquire
    Front and Plum Streets
    P.O. Box 1789
    Media, PA  19063

    William C. Reil, Esquire
    42 S. 15th Street
    210 Robinson Bldg.
    Philadelphia, PA  19102

March 29, 2004                                                                                        /s/David F. White
Date

353792-1

353792-1