## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR JACKSON, III                     :         CIVIL ACTION
                                    :

    vs                            :

                                    :

DELAWARE COUNTY; WACKENHUT  :
CORRECTIONS CORPORATION C/O  :
PRENTICE HALL CORP.; WACKENHUT :
CORPORATION; DELAWARE COUNTY :
BOARD OF PRISON INSPECTORS;    :
CHARLES SEXTON, CHAIRMAN OF  :
DELAWARE COUNTY BOARD OF     :
PRISON INSPECTORS; GEORGE HILL, :
SUPERINTENDENT OF DELAWARE  :
COUNTY PRISON (GEORGE W. HILL  :     NO. 02-3230
CORRECTIONAL FACILITY); JAMES  :
JANECKA, WARDEN OF DELAWARE  :
COUNTY PRISON; DEBORAH        :
PERRETTA, HEALTH SERVICES     :
ADMINISTRATOR OF DELAWARE    :
COUNTY PRISON; MARGARET       :
CARRILLO, M.D., DELAWARE       :
COUNTY PRISON; DR. FREDERICK,  :
DELAWARE COUNTY PRISON; DR.    :
HOLLAND HULL, DELAWARE        :
COUNTY PRISON; MERIAN BYRD,    :
NURSE, DELAWARE COUNTY        :
PRISON; CAROL SNELL, NURSE,     :
DELAWARE COUNTY PRISON        :

**REPLY OF WACKENHUT DEFENDANTS**
**TO THE RESPONSE OF PLAINTIFFS TO**
**DEFENDANTS' MOTION TO PRECLUDE**
**PLAINTIFF'S EXPERT REPORTS AND TESTIMONY**
**<u>FOR FAILURE TO ATTEND DEPOSITIONS</u>**

       In reply to Plaintiff's Response to Defendants' Motion to Preclude, the Wackenhut

Defendants respond as follows:

       Transcripts of the statements made by Defendants' attorneys on March 5, 2004, the date

that Plaintiff's experts were scheduled for depositions and the deadline set by this Honorable

353985-1

Court for the taking of those depositions are attached as Exhibit "AA" and "BB" to this response. Plaintiff's allegations that Plaintiff was under no obligation to provide dates or produce these experts for depositions without Defendants forwarding fees as suggested by Plaintiff's counsel, is baseless.

Counsel for responding defendants, specifically David F. White, Esq., called Dr. Lee Silverman's office and Dr. Daniel Gzesh's office immediately upon receipt of Plaintiff's counsel's letter, attached hereto as Exhibit "CC" which stated they would not be producing their expert witnesses.

At Plaintiff's counsel's suggestion, Mr. White immediately called these two offices to arrange for the dates which the Plaintiff's experts could be deposed within the time ordered by the Court. Inquiry was also made about payment of the fees for these experts.

Eventually, a secretary for Dr. Silverman called Mr. White back and said that he had been away but she believed that he would be unavailable in the time prescribed by the Court.

Similarly, someone from Dr. Gzesh's office called Mr. White and stated that Dr. Gzesh was a defendant in a trial.

It is clear that Plaintiff's counsel has sabotaged these depositions.

For Plaintiff's counsel to state that fees were not offered is an incorrect statement of the facts. This was definitely inquired by Defendants' counsel.

For counsel to state to the Court that Defendants' counsel was aware of the addresses and phone numbers of Plaintiff's experts for over a year is, at best, an excuse, to say the least a wisecrack.

Both sides have supplemented their reports for many months.

As is permitted, and promoted by the Federal Rules of Civil Procedure, upon request from Plaintiff's counsel, Defendants' counsel went out and found out the fees for their experts and informed Plaintiff's experts of the dates of availability for Defendants' experts and the experts' fees.

Apparently, it was too much to expect that Plaintiff's counsel would reciprocate in kind. Their sabotage of these depositions is obvious.

For Plaintiff's counsel to claim that Defendants' counsel failed to file a Motion to Extend the Discovery Deadline or to Compel these Depositions is disingenuous.  Why should we? We had every intention to follow the Rules and the timetables as established by This Honorable Court.

**WHEREFORE**, due to the fact that Plaintiff's counsel has deliberately sabotaged the Defendants in taking the depositions of the Plaintiff's experts, Defendants' Motion should be granted and Plaintiff must be precluded from presenting the testimony of their experts.

/s/ David F.White
DAVID F. WHITE, ESQUIRE
DENNIS P.  HERBERT, ESQUIRE
Identification No. 55738
Identification No. 65847
**KELLY, MCLAUGHLIN, FOSTER,
BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**
1617 John F. Kennedy Boulevard
Suite 1690
Philadelphia, PA 19103
215-790-7900
Co-Counsel for all Defendants

DATED: March 30, 2004