IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR JACKSON III | : | CIVIL ACTION NO. 02-3230 |
| vs. | : : : | |
| DELAWARE COUNTY PRISON, ET AL | : : | JURY TRIAL DEMANDED |

# ORDER

AND NOW, this           day of          , 2004, upon consideration of the motion for summary judgment of all defendants, and the response of plaintiff, it is hereby ORDERED and DECREED that defendant's motion is denied.

                                                BY THE COURT

                                                _____

Honorable Michael M. Baylson
District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR JACKSON III | : CIVIL ACTION NO. 02-3230 |
| vs. | : |
| DELAWARE COUNTY PRISON, ET AL | : JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO MOTION FOR**
**SUMMARY JUDGMENT BY ALL DEFENDANTS**

Plaintiff, Arthur Jackson, III ("Plaintiff" or "Mr. Jackson"), by and through his undersigned counsel, requests the Court to deny the motion for summary judgment of all defendants, and in support thereof, it is averred as follows[1]:

**Answer to Motion of Wackenhut, Defendants**

1. Admitted in part. The first sentence of paragraph 1 is admitted, but the defendants' characterization of the "weekender program" is denied.

2. Denied. There was substantial testimony and disagreement about what the weekender program did and did not entail, and defendants' characterization is denied.

3. Admitted in part. The first sentence is admitted, but defendants' characterization is denied. By way of further response, the Prison policy with respect to the issue is set and forth in written form in exhibit "A".

4. Denied as a conclusion of law. By way of further response, it is noted that the defendants have incomplete records dealing with Mr. Jackson on the weekend of 5/28/00 when he was injured[2].

5. Denied as stated. Deposition transcripts speak for themselves.

6. Denied as a conclusion of law and based on defendants' characterization of the facts.

---

[1] Plaintiff is answering the two summary judgment motions for each group of defendants (Wackenhut and Delaware County), since Delaware County in its motion for summary judgement incoporated much of Wackenhut's motion.

7.  Denied as stated. It is admitted that Mr. Jackson brought his medication to the Prison, and the remainder is denied as a characterization and a conclusion of law.

8.  Denied. On the contrary, Mr. Jackson was denied his medication. The medication which he brought to the Prison was lost by Prison personnel on more than one occasion, and it became futile for him to bring medication which he would not be given, would not be returned to him, and which he would have to replace at his own expense. Furthermore, defendants' employees and policy indicate that defendants were obligated to provide plaintiff's medications to him even when he did not bring them with him. In addition, defendants' employees testified that all medications prescribed to plaintiff were available at the Prison throughout his incarceration.

9.  Denied as stated. Plaintiff incorporates his answer to paragraph 8.

10. Denied. Plaintiff incorporates his response to paragraph 8.

11. Denied as a conclusion of law and based on defendants' characterization.

12. Admitted. It is admitted only that Mr. Jackson was taken to Crozer-Chester Medical Center by ambulance after he fell and struck his head at the Prison.

13. Denied. The medical records speak for themselves and defendants' characterization is denied.

14. Denied. Same responses to paragraph 13.

15. Denied. Same responses to paragraph 13.

16. Denied. Same responses to paragraph 13.

17. Admitted. It is admitted that this is a fair summary of some of plaintiff's allegations.

18. Denied as a conclusion of law. By way of further response, a deliberate indifference standard is the proper measure as indicated in plaintiff's memorandum of law.

19. Denied. Plaintiff incorporates his response to paragraph 18.

20. Denied. Mr. Jackson stopped bringing his medication to the Prison because of the actions of defendants. Plaintiff particularly testified that he brought with him to the Prison enough Klonopin for the duration of his incarceration. Further, the fact that he brought his medications with him was confirmed by defendant Wackenhut's

---

[2] Plaintiff's medical records for plaintiff are incomplete for his entire period of incarceration in 2000.

corporate representative at her deposition. Plaintiff incorporates his answer in paragraph 8.

  21. Denied. Plaintiff incorporates his answer to paragraph 20.

  22. Denied as a conclusion of law.

  23. Denied as a conclusion of law.

  24. Denied as a conclusion of law.

  25. Denied as a conclusion of law.

  26. Plaintiff will stipulate to the dismissal of all individual defendants, **except** the following Miriam Byrd (Prison Nurse), Carol Snell (Prison Nurse), Warden James Janecka, Superintendent George W. Hill, Chairman of The Delaware County Board of Prison Inspectors, Charles Sexton. Plaintiff is not stipulating to the dismissal of the Wackenhut or Delaware County Defendants.

  27. Denied as a conclusion of law.

  28. Denied as a conclusion of law.

  29. Denied as a conclusion of law.

  30. Denied as a conclusion of law.

**Answer to Motion of Delaware County Defendants**

  1. Plaintiff incorporates his answer and memorandum of law to the Wackenhut motion for summary judgment.

  2. Admitted in part. It is admitted that plaintiff brought this lawsuit against the defendants enumerated, but plaintiff's characterization of defendants' lawsuit is not complete.

  3. Denied as a conclusion of law, to which no response of pleading is required. By way of further response, plaintiff incorporated his answer to Wackenhut's motion.

  4. Denied as a conclusion of law, to which no response of pleading is required. By way of further response, plaintiff incorporated his answer to Wackenhut's motion.

5. Denied as a conclusion of law, to which no response of pleading is required. By way of further response, plaintiff averred that there are genuine issues of material fact, which obviate the granting of summary judgment.

WHEREFORE, plaintiff requests those defendants' motion for summary judgment be denied, and plaintiff be granted his day in Court.

Respectfully submitted,

_____
William C. Reil, Esquire
Attorney for Plaintiff
For: John L. Rollins, Esquire,
and Derrick Howard, Esquire