**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHUR JACKSON III | : | CIVIL ACTION NO. 02-3230 |
| | : | |
| vs. | : | |
| | : | |
| DELAWARE COUNTY PRISON, ET AL | : | |
| | : | JURY TRIAL DEMANDED |

**ORDER**

AND NOW, this        day of        , 2004, upon consideration of the Motion to Exclude the Testimony of Lee M Silverman, M.D. and Daniel J. Gzesh, M.D. Pursuant to F.R.E. 702,  and the response of plaintiff, it is hereby ORDERED and DECREED that defendant's motion is denied.

BY THE COURT

_____
Honorable Michael M. Baylson
District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHUR JACKSON III | : | CIVIL ACTION NO. 02-3230 |
| | : | |
| vs. | : | |
| | : | |
| DELAWARE COUNTY PRISON, ET AL | : | |
| | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY OF LEE M. SILVERMAN
AND DANIEL J. GZESH M.D. , PURSUANT TO F.R.E. 702**

Plaintiff, Arthur Jackson, III ("Plaintiff" or "Mr. Jackson"), by and through his undersigned counsel, requests the Court deny Defendants' Motion to Exclude Testimony of Lee M. Silverman M.D. and Daniel J. Gzesh M.D., and in support thereof, it is averred as follows:

1.      Admitted. By way of further Answer Plaintiff's incorporates the allegations set forth in his Complaint.

2.      Admitted. By way of further Answer Plaintiff's incorporates the allegations set forth in his Complaint.

3.      Denied as stated. The expert opinions expressed by Lee M. Silverman, M.D., are set forth in writings that speak for themselves. Plaintiff incorporates by reference all reports written by Dr. Silverman regarding the injuries Plaintiff sustained on or about May 28, 2000, while incarcerated at Delaware County Prison (The "Prison").

4.      Denied as a legal conclusion.

5.      Denied. As set forth more fully in Plaintiff's accompanying Memorandum of Law in Opposition to Defendant's Motion, Dr. Silverman considered

various documents from Defendants including, but not limited to: Medical records obtained from Crozer-Chester Medical Records concerning medical treatment provided to Plaintiff on May 28, 2000; deposition testimony from Plaintiff and Defendants' witnesses; Defendants' various policies concerning medical treatment for inmates; and Dr. Silverman's years of experience as a physician and as Plaintiff's treating physician.

6.      Denied. Plaintiff incorporates by reference his response to paragraph 5 of Defendants' Motion.

7.      Denied. Plaintiff incorporates by reference his response to paragraphs 3 and 5 of Defendants' Motion.

8.      Denied. Plaintiff incorporates by reference his response to paragraphs 3 and 5 of Defendants' Motion. By way of further answer, Plaintiff notes that Defendants do not cite to any specific quote from Dr. Silverman wherein he indicates his opinion was formed without considering information obtained from Dr. Gzesh. Defendants' allegation merely reflects Defendants' legal supposition regarding the meaning of a selected phrase in correspondence written between Drs. Silverman and Gzesh, and is totally unsupported by the record.  Further, the document to which Defendants refer is in writing and, therefore, all allegations or unsubstantiated interpretations of that writing are denied. Finally, Plaintiff incorporates by reference the February 4, 2003, report written by Dr. Gzesh wherein he specifically indicates Plaintiff was deprived of his medications.

9.      Denied as a conclusion of law.

10.     Denied as a conclusion of law.  In addition, Defendants' allegation is based on a writing that speaks for itself.  Therefore, Plaintiff denies Defendants' allegation and demands strict proof at the time of trial.

11.     Denied as a conclusion of law.

12.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

13.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

14.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

15.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

16.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

17.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

18.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

19.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

20.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

21.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

22.     Denied. The documents to which Defendants refer are writings that speak for themselves. By way of further answer it is noted that Defendant Miriam Byrd also

testified that Plaintiff did not receive his Klonopin on most days he was incarcerated at the Prison. As more fully set forth in Plaintiff's accompanying Memorandum in Opposition to Defendants' Motion in Limine, Dr. Silverman received such relevant testimony in forming his opinion that Defendant caused Plaintiff's injuries.

23.    Denied. The document to which Defendants refer is a writing that speaks for itself. By way of further answer, former correctional officer, Sean Gardener, testified at his deposition that the Prison routinely failed to dispensed weekend inmates their medications while they were incarcerated. Instead, the Prisons medical staff simply held unto the medication until it time for the inmate' refill, then they gave it back to them. As Mr. Gardener noted "Some of them never got it." (Mr. Gardener's deposition at 33, exhibit "C").

24.    Admitted.

25.    Admitted.

26.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

27.    Denied as a legal conclusion.

28.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

29.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

30.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

31.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

32.    Denied as a legal conclusion.

33.    Denied as a legal conclusion.

34.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

35.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

36.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

37.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

38.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

39.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

40.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

41.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

42.    Denied. The documents to which Defendants refer are writings, which speak for themselves.

43.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

44.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

45.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

46.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

47.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

48.     Denied. Plaintiff produced Dr. Silverman's and Gzesh's curriculum vitaes to Defendants counsel. Plaintiff incorporates by reference his response to Defendants' Motion to Preclude Dr. Silverman's and Gzesh's testimony that is referenced in paragraph 48 of Defendants' Motion in Limine.

49.     Denied as a legal conclusion.

50.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

51.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

52.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

53.     Denied. The documents to which Defendants refer are writings, which speak for themselves.

54.     Denied as a legal conclusion.

WHEREFORE, plaintiff requests defendants' motion be denied, and plaintiff be granted his day in Court.

Respectfully submitted,

**Howard Rollins, LLC**

Dated:  April 5, 2004

_____
John L. Rollins, Esquire
(Pa. I.D. No. 65636)
Derrick Howard, Esquire
(Pa. I.D. No. 59922)
262 South 12th Street, Third Floor
Philadelphia, PA  19107

Attorneys for Plaintiff,
Arthur Jackson, III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Memorandum of Law in Opposition to Defendants' Motion to Exclude Testimony of Lee M. Silverman M.D. and Daniel J. Gzesh M.D. Pursuant to F.R.E. 702, was served on this 6th day of April, 2004, by first class, U.S. mail, postage pre-paid, upon following:

Robert DiOrio, Esquire
DiOrio & Sereni, LPP
Font and Plum Streets
P.O. Box 1789
Media, PA 19063

David F. White, Esquire
Kelly, McLaughlin, Foster, Bracaglia,
Daly, Trabucco & White, LLP
1617 JFK Boulevard
Suite 1690
Philadelphia, PA 19103-1815

_____